No. 2553.

East Line & Red River Railroad Company v. R. E. Lee.

1. Railroad Lease—Rights of Public.—A railroad can not lease its road to another so as to absolve itself from its duties to the public. Following Ry. Co. v. Morris, 68 Texas, 59; Int. & G. N. Ry. Co. v. Kuehn, 70 Texas, 582; and Same v. Eckford, 70 Texas, supra.
2. Charge to Jury.—While it is improper in the charge to refer to the amount of damages claimed in the pleadings as the limit of the amount to be found in the verdict, yet, where the jury found greatly less than the amount claimed, and not more than they were justified under the evidence in finding, the verdict will not for that cause alone be set aside.
3. Verdict not Excessive.—A verdict for five hundred dollars *held* not to be excessive in favor of a passenger holding a ticket and thrown from the platform of a car by the conductor in the manner detailed by him as follows: "The conductor took me by the right shoulder, gave me a shove which threw me off the train and I hit the ground left shoulder first." * * * "I was not 'stove up' or seriously injured but was considerably bruised." * * * "I had no bones broken and no sprains—it just made me a little sore for a week—I was unable to work during that time."

Appeal from Camp.    Tried below before the Hon. W. P. McLean.

This is an appeal from a judgment for five hundred dollars for actual damages against the appellant. The petition asked

for exemplary damages, but on the trial the plaintiff abandoned all claim save for actual damages. ·

The defendant pleaded in abatement the non-joinder of the Missouri, Kansas & Texas Railway, which company, it was alleged, had become the owner of the franchises and property of the defendant, and which was operating the road. This plea was abandoned, and the defendant answered by a general denial.

The plaintiff, Lee, testified: "I reside in Franklin county, Texas. On March 10, I was at Winnsboro, Texas, and desired to go by railroad to Picton. I boarded the defendant's west bound passenger train for that purpose at Winnsboro. I was smoking a cigar at the time, and stood upon the platform between the two rear coaches. The train proceeded about three hundred yards to a tank where it stopped for water and then moved westward. After it had proceeded several hundred yards further, the conductor of the train came along and asked me what I was doing there. I told him I was 'taking a ride,' or something of the sort. He replied: 'I have put several fellows of your sort off this train lately, and I will do you about the same way.' I was standing at the time with one foot on the top step and the other on the platform, facing westward. The train was moving about ten miles an hour. He took me by the right shoulder and gave me a shove, which threw me off the train, and I hit the ground left shoulder first. I got up and walked back to town, and then came to Pittsburg. The train was there on an embankment about one and one-half feet high. I was not 'stove up' or seriously injured, but was considerably bruised. This was on the East Line & Red River Railroad. I had my ticket in my pocket when the conductor shoved me off. He did not ask me if I had a ticket."

On cross examination: "The train was the regular west bound passenger train from Winnsboro west, on March 10, 1886. I have always understood the road to be the 'East Line & Red River Railroad.' I do not know what its real name is. I purchased my ticket from the agent of the road I was riding on at Winnsboro. Don't remember what I paid for it, but think it was twenty-five cents. The conductor's name I have since learned was Kilgore. * * * There was no one else present when I was pushed off. I did not say anything to the conductor except that I was taking a ride. I said something of this sort, but not exactly that. I can not say exactly what I did say

to him. No, I had no bones broken and no sprains. It just made me sore a little for a week. I was unable to work during that time. I had my ticket in my pocket at the time I was pushed off the train." Witness produced the ticket. It was issued by the Missouri Pacific Railway Company, and was read in evidence.

There was testimony corroborating the plaintiff. The conductor, Kilgore, testified that he had not pushed the plaintiff from the train at the time or at any other, nor had pushed any one whatever from the train. Months afterward he had put off two tramps, but had never pushed any one from the train when it was in motion.

The additional facts appear in the opinion.

*Todd & Hudgins,* for appellant: 1. The court erred in charging the jury to estimate the actual damages at any amount not exceeding the sum sued for, exemplary damages having been sued for and having been waived. (Willis v. McNeill, 57 Texas, 465; Railroad v. LeGierse, 51 Texas, 189; Railroad v. Ormond, 62 Texas, 274.)

2. The court erred in refusing the special instruction requested by the defendant, as follows: "If plaintiff's ticket was bought from and issued by the Missouri Pacific Railway Co., or any other railway company than the East Line & Red River Railway Company, or if the train on which he was, if he was on any train, was owned and being operated by the Missouri Pacific Railway Company or any other company than the East Line & Red River Railway Company, you will find for the defendant."

The defendant in this case can not be held liable for the torts of another company in the absence of proof showing any privity between the two, and the charge requested was correct in point of law, applicable to the facts and necessary.

This was the only special instruction requested. The plaintiff upon the trial introduced in evidence the railroad ticket on which he claimed to have been traveling. This was a ticket, not of the defendant, but of the Missouri Pacific Railway, stamped and issued by the latter company. Kilgore testified that he was conductor of the Missouri Pacific train running from Winnsboro to Picton, and that the Missouri Pacific was the only railroad between said points. On the date alleged

and sworn to by plaintiff, he (Kilgore) was in the employ of the Missouri Pacific Railway Company, and not of this defendant. Plaintiff had evidently sued the wrong company. The statement of facts shows no connection or relationship between the two companies. It did not appear that there had been any lease of the properties of the one to the other, or that the two companies were other than utter strangers in fact and law. (Railroad v. Morris, 67 Texas, 692; Railway v. Underwood, 67 Texas, 589.)

3.  The verdict and judgment were against the evidence.

The evidence failed to show that plaintiff was ejected from a train of this defendant, or by any authorized agent or conductor of this defendant.

The evidence shows that if plaintiff had any cause of action it was against the Missouri Pacific Railway Company, and not against this defendant.

The evidence failed to show that plaintiff was ejected by Conductor Kilgore, as alleged in the petition.

4.  The burden of proof is on the plaintiff to establish his material allegations by a preponderance of the evidence. (Thorn v. Frazier, 60 Texas. 259: Rowe v. Collier, 25 Texas Supp., 252; Clark v. Hills, 67 Texas, 141.)

5.  The verdict and judgment were excessive in amount, and not warranted by the evidence before the court. (Darcy v. Turner, 46 Texas, 30.

6.  A new trial should be granted where the verdict is not sustained by the testimony. (Railroad v. Wallen, 65 Texas, 568; Rowe v. Collier, 25 Texas Supp , 252; Railroad v. Bracken, 59 Texas, 71; Railroad v. Schmidt, 61 Texas, 282.)

WALKER, ASSOCIATE JUSTICE. This court has repeatedly held that a railroad company can not lease its road to another so as to absolve itself from its duties to the public. (R. R. Co. v. Morris, 68 Texas, 59; R. R. Co. v. Keuhn, and same v. Eckford, at Austin term, 1888.) The charge asked by appellant, "that if plaintiff's ticket was bought from and issued by the Missouri Pacific Railway Company, or any other company than the East Line & Red River Railway Company, and if the train on which he was—if he was on any train—was owned and being operated by the Missouri Pacific Railway Company, or any other company, you will find for the defendant," was therefore properly refused. It was shown by the conductor

"that the Missouri Pacific train was the only one running" upon the road of the defendant at the place of the alleged injury.

It is complained that the charge directed the jury, "should they find for the plaintiff, they should find such actual damages as the evidence may show him entitled to, not exceeding the amount sued for." The petition claimed five thousand dollars actual and five thousand exemplary damages. The claim for exemplary damages on the trial was abandoned, and the court in the charge had directed the jury "that they will only consider the question of actual damages." It will not be presumed that the jury did not understand the charge. It has been held that "where the jury found greatly less than the amount claimed, and not more than they were justified under the evidence," the verdict for that cause alone will not be set aside. (Newman v. Dodson, 61 Texas, 98; Brunswig v. White, 70 Texas, 504.)

The testimony to the fact of the injury is contradictory; not more so than is usual in this class of cases. The jury with the witnesses before them could well determine their credibility and the weight of the testimony. We can not say the verdict is without or against the evidence. Nor is the verdict for five hundred dollars excessive. Plaintiff's version of the affair is here given: "The train was moving about ten miles an hour. He (the conductor) took me by the shoulder, gave me a shove which threw me off the train, and I hit the ground, left shoulder first. * * I was not 'stove up' or seriously injured, but was considerably bruised. * * I had no bones broken and no sprains; it just made me a little sore for a week. I was unable to work during that time." The train from which plaintiff was thrown was on an embankment about a foot and a half high. The violence to his person, the danger and the actual injury well support the verdict.

Finding no error, the judgment below will be affirmed.

*Affirmed.*

Opinion delivered October 23, 1888.