WILLIAM HOUSER, Appellant, v. HENRY ANDERSCH, Appellant.

St. Louis Court of Appeals, January 29, 1895.

1. **Attachments:** SUIT ON DEBT NOT DUE: TRIAL ON THE MERITS. When the plaintiff, in an action by attachment on a debt not due, desires to appeal from a judgment for the defendant on the plea in abatement, there must first, under our present statute, be a trial on the merits. But if, in such case, the judgment on the merits be for the plaintiff, it must be vacated, if after its rendition the judgment for the defendant on the plea in abatement becomes final. *Grier v. Fox, 4 Mo. App. 522 is, distinguished.*

2. ———: EFFECT OF PREMATURE APPEAL ON JURISDICTION OF TRIAL COURT. When an appeal is taken by the plaintiff in a suit by attachment from an adverse judgment on the plea in abatement, and is subsequently dismissed as premature, such dismissal reinvests the trial court with jurisdiction to proceed with the cause; nor is it necessary that there should be any order by the trial court at its intervening terms for the continuance of the cause.

3. **Chattel Mortgages:** SUFFICIENCY OF DESCRIPTION OF MORTGAGED PROPERTY INTER PARTES. The fact, that the description of the mortgaged property in a chattel mortgage is insufficient as to attaching creditors of, or subsequent purchasers from, the mortgagor, will not invalidate the mortgage between the parties thereto.

4. ———— : ORAL EVIDENCE AS TO POWER OF SALE ON PART OF MORTGAGOR.. When a chattel mortgage prohibits the sale of the mortgaged chattels. by the mortgagor, oral proof of a contemporaneous agreement for such sale is not competent in an action between the parties to the instrument, such evidence being in contradiction of the writing.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*F. & Ed. L. Gottschalk* for plaintiff.

*R. Lee Mudd* and *Zach. J. Mitchell* for defendant.

ROMBAUER, P. J.—This is the same cause which was before us on a former appeal. (56 Mo. App. 485.) The last appeal was taken by plaintiff from a judgment in defendant's favor on the plea in abatement, and before final judgment on the merits. We dismissed the appeal, holding that, under the last amendment of the attachment law, approved February 25, 1891, neither plaintiff nor defendant could appeal before final judgment on the merits. The plaintiff thereupon proceeded to try the merits of the cause in the trial court, and obtained judgment in his favor on the merits, and now brings the cause here by appeal to reverse the adverse finding against him on the plea in abatement. The defendant likewise appeals, claiming that the judgment on the merits rendered against him was unwarranted.

The defendant claims that a judgment against him on the merits was unwarranted because, at the date of the institution of the suit, the debt sued upon was not due. This contention raises the question of the proper proceeding under the amendment of February 25, 1891, where the demand proceeded on is not due at the date of the institution of the suit, and we must dispose of that question first.

The provisions of the statute bearing on that point are as follows: "An attachment may issue on a demand not yet due, * * * but no judgment shall be rendered against the defendant until the maturity of the demand." Revised Statutes, 1889, section 522.

"If, upon the trial of such issue (the plea in abatement), the finding be for the defendant, and the court denies plaintiff a new trial of such issue, the court shall thereupon render judgment that the attachment be abated at the costs of the plaintiff and his sureties, and thereupon the plaintiff may file his bill of exceptions as upon any matter in the proceedings, *and the cause shall proceed to trial upon the merits, and the filing of his bill of exceptions by plaintiff shall preserve the attachment in full force.*" Laws, 1891, page 45.

It was held by this court under the attachment law as it formerly stood that, where the suit was instituted on a demand not yet due, and the defendant obtained judgment on the plea in abatement, the suit was bound to be dismissed. *Grier v. Fox*, 4 Mo. App. 522. This holding was necessitated by the fact that the law, at that date, made no provision for keeping an attachment in force, where the judgment was in favor of the defendant on the plea in abatement. The suit, therefore, after such judgment, was turned into an ordinary action upon summons. As in such an action no valid judgment could be rendered against a party objecting upon a demand which was immature at the date of the institution of the suit, it necessarily resulted that the cause could not be tried upon its merits against an objecting party, and the defendant had a right to have the suit abated. The amendment of 1891, however, makes a material change in that regard. It expressly provides that the plaintiff may file his bill of exceptions if the judgment goes against him on the plea of abate-

ment, *and his doing so shall preserve the attachment in* *full force.* The suit, therefore, remains an attachment suit if the plaintiff files his bill of exceptions, and is not turned into an action upon summons simply because the plea in abatement is found against the plaintiff. The case of *Grier v. Fox, supra,* is no longer controlling, because the reasoning underlying it is wholly inapplicable to the present law. *Cessante ratione cessat lex.*

The defendant's further contention, that the judgment upon the merits was unwarranted because the cause was not continued from term to term, is without merit. No entry of continuance in the trial court is necessary during the pendency of a cause in the appellate court. The mere fact that an appeal is improvidently taken, does not continue jurisdiction of a cause in a trial court after the appeal is taken. The trial court is simply reinvested with jurisdiction by the dismissal of the appeal.

The plaintiff assigns for errors in the trial of the plea in abatement the admission of illegal testimony against him, and the giving of erroneous instructions. Among the grounds of attachment alleged were the fraudulent disposition of the defendant's property, attempted and consummated. The plaintiff's testimony tended to show that in December, 1891, he sold to the defendant a milk wagon, two sets of harness and twenty-six cows. The defendant in payment executed his note to plaintiff for $925, payable two years after date, and to secure such note executed a chattel mortgage covering, among other property, "twenty-six milch cows." The milch cows were not described in the mortgage, but a clause in the mortgage provided "that, in case of a sale or disposal of the property, or an attempt to sell or dispose of said property, or an attempt to remove the same *from my farm*," the mortgagee might take possession of the property

as for condition broken. That the twenty-six cows which the plaintiff sold to the defendant were placed upon the defendant's farm, and were the cows intended to be covered by the mortgage seems to admit of little doubt under all the testimony, and it stands conceded that, prior to the institution of this suit, the defendant had disposed of twenty-three of these cows.

The mortgage being in evidence, and it being shown that the defendant had disposed of the property mortgaged to other parties, the defendant was called as a witness in his own behalf with a view of showing that, at and prior to the execution of the mortgage, it was understood between himself and the plaintiff that the defendant would probably have to sell some of these cows, and replace them with others, and that that was the reason the mortgage did not contain any specific description of the cows. This testimony was objected to by the plaintiff, but the objection was overruled and the testimony admitted.

The ruling was clearly erroneous and prejudicial to the plaintiff. The defendant contends that this is a case where only part of the contract was reduced to writing, and where it is permissible to show that the writing does not express the entire contract, citing *Black River Lumber Company v. Warner*, 93 Mo. 374, 384. There is no such pretence in this case. Here the entire contract was reduced to writing, and it is shown by it that the mortgage was intended to cover property then on the defendant's farm, and not after acquired property. The evidence is adduced not for the purpose of explaining any ambiguity in the contract by proof of surrounding circumstances, but for the purpose of contradicting its terms by some cotemporaneous parol understanding, which is never permissible. *Bunce v. Beck*, 43 Mo. 266, 279. If the controverted point had been which particular cows then on the

defendant's farm the mortgage was intended to cover, parol evidence to show that fact would have been admissible in a contest between the contracting parties, but such evidence was clearly inadmissible for the purpose of showing that the mortgage permitted a sale or removal of property, which sale or removal the mortgage prohibited.

Defendant was also permitted to show against plaintiff's objections that he was advised by other mortgagees to sell his mortgaged property; that his contract with the plaintiff was unprofitable; that the sheriff refused to allow him his exemptions, all of which matters were clearly irrelevant, and had a tendency to prejudice plaintiff's case.

The third instruction given on part of the defendant is erroneous, because it is based upon evidence illegally admitted. If such evidence be rejected, the instruction is not supported by any evidence. The fourth instruction given on behalf of defendant is likewise erroneous.

The mortgage given by the defendant to the plaintiff was perfectly valid as between the contracting parties. Whether the description was sufficiently definite to make the mortgage available as a security to the plaintiff against creditors of the mortgager is immaterial. We may concede that, under the ruling in *Stonebraker v. Ford*, 81 Mo. 532, and cases following that ruling, the mortgage would have furnished very precarious security against attaching creditors or subsequent purchasers from the mortgagor. That fact, however, did not justify the defendant in selling the mortgaged property without the consent of the mortgagee. Such a sale under our statutes is not only a fraudulent but also a criminal act.

The judgment on the plea in abatement is reversed, and the cause remanded. Should the plaintiff be

again defeated on the plea in abatement, and fail to prosecute an appeal from such judgment, or should an adverse judgment on the plea in abatement be affirmed against the plaintiff on his appeal, the judgment in his favor on the merits will have to be reversed likewise. Until either of these events occurs, the judgment on the merits need not be disturbed. This seems to be a peculiar result, but it is the only one admissible in a case of this character under the present statute.

All the judges concurring, it is so ordered.