STATE EX REL. GUY A. THOMPSON, Trustee in Bankruptcy of NEW ORLEANS, TEXAS & MEXICO RAILWAY COMPANY, a Corporation, and GUY A. THOMPSON, Trustee in Bankruptcy of SAN ANTONIO, UVALDE & GULF RAILROAD COMPANY, a Corporation, Relators, v. BEN TERTE, Judge of Division No. 9 of the Circuit Court of Jackson County, Missouri, at Kansas City.—No. 40241.—207 S. W. (2d) 487.

Court en Banc, December 8, 1947.

Rehearing Denied, January 12, 1948.

*Leslie A. Welch, Richard H. Beeson,* and *David P. Dabbs* for relators.

*Clarence C. Chilcott* for respondent.

234

[488] DOUGLAS, J.—This·is an original proceeding in prohibition brought by the trustee of the New Orleans, Texas & Mexico Railway Company, a Louisiana corporation, and by the trustee of the San Antonio, Uvalde & Gulf Railroad Company, a Texas corporation, as relators. These trustees were joined with the trustee of the Missouri Pacific Railroad Company, a Missouri corporation, as parties defendant in· a damage suit filed in Jackson County at Kansas City. All three trustees are the same person, Guy A. Thompson, but are acting in different capacities as trustees of different trust estates. Thompson was appointed trustee in bankruptcy of these three railroads and trustee of each of the other railroads which make up the Missouri Pacific system by the United States District Court at St. Louis. Hereafter we shall refer to him merely as the Louisiana trustee, Texas trustee, or Missouri trustee. The latter is not a party to this proceeding.

Relators are seeking to prohibit Judge Ben Terte of the Jackson County Circuit Court from proceeding with the damage suit as against them. They claim the Circuit Court of Jackson County has no jurisdiction over their persons.

The plaintiff in the damage suit, Clark, A. Tharp, an official federal court reporter, alleges he purchased a railroad ticket at Brownsville, Texas for travel over the Missouri Pacific system. His final destination was Leavenworth, Kansas. He boarded the train at Brownsville and rode to Corpus Christi, Texas where he transferred to a train operated over the San Antonio, Uvalde & Gulf Railroad line. That train took him to San Antonio. Enroute the coach was permitted to become. extremely cold causing plaintiff permanent injuries for which he claims $40,000.

[489] The plaintiff has filed three petitions in his damage suit. The original petition described Thompson as "Trustee of the Mis-

souri Pacific Railroad· Company and Gulf Coast Lines, Defendant." In fact, there is no railroad incorporated under the name "Gulf Coast Lines" nor was Thompson appointed trustee of any company bearing that name.

The plaintiff next filed an amended petition in which he omitted the Gulf Coast Lines but joined as separate defendants the Louisiana and the Texas trustees. He did not have any summons served on the new defendants. At that stage the only defendant who had been served was the Missouri trustee. Then the Louisiana and Texas trustees filed separate motions to dismiss as to each of them. One of the grounds of·the motions was that no service had been obtained. The trial court sustained the motions and dismissed as to them. The suit against the Missouri trustee remained unaffected.

Thereupon, the plaintiff in the damage suit appealed to this court from the judgment of dismissal. While his appeal was pending he filed· his second amended petition in the trial court again joining the Louisiana and Texas trustees as parties defendant. This time service was had on these trustees. Thereafter the trial court refused ·to quash such service or to dismiss, so relators applied to this court for a writ of prohibition. A preliminary writ was issued.

Relators first complain that the trial court had no jurisdiction to allow the plaintiff to file his last amended .petition because of the pendency of the appeal from the judgment of dismissal. Consequently, they argue, the clerk had no jurisdiction to issue process, and the service and return thereon are void and conferred no jurisdiction over the relators.

An appeal ordinarily divests the trial court of jurisdiction of the case and transfers exclusive jurisdiction thereof to the appellate court. This rule is too well settled for discussion. The reasons for it are obvious. For orderly administration of justice two courts cannot have jurisdiction at the same time over the same case for procedural steps or for trial. But this rule is usually applied in cases where the appeal is both from an appealable judgment and is properly perfected because only then does the exclusive jurisdiction of the case ordinarily vest in the appellate court. The cases are not in harmony but the weight of decision apparently supports the view that where an appeal is attempted from a nonappealable order, or if the appeal is irregular the trial court retains jurisdiction of the case. See 4 C. J. S., Appeal and Error, sec. 606.

While a judgment of dismissal is ordinarily a final judgment and therefore appealable it was not so in this case because the judgment appealed from did not dispose of all the parties in the case. In most cases a judgment is considered final only when it disposes of the case both as to the subject matter and the parties. In this case the judgment of dismissal did not dispose of the action pending against the Missouri trustee. Therefore we ʼhold the appeal was premature. Webster v. Sterling Finance Co., 355 Mo. 193, 165 S.ʼ W. (2d) 688.

Where the suit is on one cause of action against several defendants there can be no appeal from a dismissal of the case as to some defendants only because in such type of action there must be a single final judgment disposing of all parties before an appeal may be taken. This is a requirement of both the old and new Codes. S. S. Kresge Co. v. Shankman (Mo. App.), 194 S. W. (2d) 716; W. T. Rawleigh Co. v. Rouse (Mo. App.), 204 S. W. (2d) 438. This case does not present the situation contemplated by Supreme Court Rule 3.29 which applies when several different claims against different parties are joined in one suit. See Carr, sec. 860.

However, there are some decisions in this state which hold that an appeal even though it is premature will divest the trial court of jurisdiction. Case v. Smith, 215 Mo. App. 621, 257 S. W. 148; Hays v. Dow, 237 Mo. App. 1, 166 S. W. (2d) 309. But appeals in these cases were taken under the old Code. Sec. 1188 R. S. 1939, Mo. R. S. A., now repealed, required the court from which an appeal is prayed to make an order allowing the appeal. The rule announced by these cases appears to be based on the [490] theory that the trial court by making such an order formally divests itself of further jurisdiction, and may take no further action until its jurisdiction is restored by a remand of the case from the appellate court. See also Houser v. Andersch, 61 Mo. App. 15; State ex rel. Callahan v. Hess, 348 Mo. 388, 153 S. W. (2d) 713; State ex rel. Patton v. Gates, 143 Mo. 63, 44 S. W. 739.

But no such formal action by the trial court is now required in perfecting an appeal under the new Code. Under Section 129, Mo. R. S. A., sec. 847.129, Carr, sec. 1187, the party appealing merely files with the clerk of the trial court his notice of appeal. This is the only jurisdictional requirement necessary to invoke later appellate action. See Weller v. Hays Truck Lines, 355 Mo. 695, 197 S. W. (2d) 657. But the filing of the notice does not thereby divest the trial court of jurisdiction of the case. Under Supreme Court Rule 1.17, Carr, sec. 1198, an appellant may withdraw his appeal in the trial court any time prior to the filing of the transcript on appeal in the appellate court. An appeal is not finally perfected until the transcript is filed in the appellate court. A. A. Elec. Machinery Co. v. Block (Mo. App.), 193 S. W. (2d) 631. Under Section 137 of the new Code, sec. 847.137, Mo. R. S. A., Carr, sec. 1198, the filing of the transcript on appeal transfers the case to the appellate court.

In the instant case plaintiff did not file a transcript on appeal in this court. Furthermore, when he filed his amended petition in the trial court he indicated he was abandoning his appeal. He never took the steps to perfect it. While it would have been more orderly practice for him to have formally withdrawn his appeal, his failure to perform this precise act did not, under the circumstances, affect the trial court's jurisdiction to permit him to file his amended peti-

tion. We hold the trial court had jurisdiction to grant leave to file the amended petition.

The judgment of dismissal was entered by one of the judges of the trial court and leave to file the amended petition was granted by another. Relators claim that the judgment of dismissal was res judicata on the question of jurisdiction.

We need not discuss relator's contention and the authorities he cites in support to the effect the principles of res. judicata apply to questions of jurisdiction as well as to other issues. The record shows the judgment of dismissal was expressly without prejudice. It states: "Now it is ordered by the court that this cause be and the same is hereby dismissed without prejudice . . ." The court exercised special caution in drawing the order because under Section 101 of the new Code involuntary dismissals for lack of jurisdiction or for improper venue are stated to be dismissals without prejudice. See Carr, sec. 800.

Relators claim for another reason the Circuit Court of Jackson County does not have jurisdiction over them. They assert they do not operate any line of their railroads in Jackson County nor do they maintain any office or have any agent there. Accordingly, they say, it would impose a serious burden on interstate commerce to resist plaintiff's claim in that forum. They invoke the rule announced in Davis v. Farmers' Co-operative Equity Co., 262 U. S. 312 that the infliction of such a burden on interstate commerce deprives the court of jurisdiction. The employees who were operating the train on which plaintiff was injured are residents of Texas. Plaintiff is not and never has been a resident of Missouri.

On the other hand plaintiff alleged in his petition that the Missouri Pacific maintains and operates a railroad system in Missouri, Texas, and other states; that the foreign railroads are subsidiaries of the Missouri Pacific; that the three railroads are operated as one system by the trustee under the names of Missouri Pacific Lines and Gulf Coast Lines; that the president, secretary, treasurer and chief operating officers of said railroads are one and the same, with general and chief offices located in the Missouri Pacific Building, St. Louis, Missouri; that Thompson as trustee of the Missouri Pacific operated a Missouri Pacific train, propelled by a Missouri Pacific engine as a licensee over the tracks of the Texas railroad; that the Texas railroad licensed, leased and permitted the trustee [491] of the Missouri Pacific to operate trains over its tracks.

The Bankruptcy Act for the relief of debtors under which the trustees of the three railroads were appointed, 11 U. S. C. A., sec. 205, provides by section (j): "That suits or claims for damages caused by the operation of trains, busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction. . . ."

If a trial court has jurisdiction a carrier must submit to the requirements of orderly, effective administration of justice even though interstate commerce is incidentally burdened. Hoffman v. State of Missouri ex rel. Foraker, 274 U. S. 21. And compare Baltimore & O. R. Co. v. Kepner, 314 U. S. 44, and Miles v. Illinois Cent. R. Co., 315 U. S. 698.

This brings up the question whether the Jackson County Circuit Court is a court of competent jurisdiction under the Bankruptcy Act in that it has jurisdiction over the persons of the relators.

The Missouri trustee was properly served in Jackson County where the railroad operates and also maintains an office. Sec. 874, R. S. 1939, Mo. R. S. A. Federal receivers and managers of property may be sued in any court having jurisdiction over the subject matter. A plaintiff may litigate in the same forum he could use if the property was not being administered by a Federal court. Gableman v. Peoria, D. & E. R. Co., 179 U. S. 335; Eddy v. Lafayette, 163 U. S. 456; 28 U. S. C. A., sec. 125; 45 Am. Jur. Railroads, sec. 463. The Missouri Pacific Railroad Company, for the purposes of suit, is a resident of Jackson County.

The Louisiana and Texas trustees were served in St. Louis where they have their homes. As to suing them in Jackson County, Section 871, R. S. 1939, Mo. R. S. A. provides that when there are several defendants and they reside in different counties, the suit may be brought in any such county. This section has been construed to mean that a cause of action must be stated against the resident defendant jointly with the nonresident defendants before the court acquires jurisdiction over the nonresidents. If there is no cause of action against the resident, the court has no jurisdiction over the nonresidents. State ex rel. Columbia National Bank of Kansas City v. Davis, 314 Mo. 373, 284 S. W. 464; Diehr v. Carey (Mo. App.), 191 S. W. (2d) 296.

The only connection of the Louisiana trustee with the cause of action alleged against the Missouri trustee is the bare statement that the Louisiana railroad owned and controlled all of the stock of the Texas railroad. That is not sufficient to make the Louisiana trustee jointly liable so the trial court of Jackson County acquired no jurisdiction over him.

However, there is a prima facie cause of action stated jointly against the Missouri and the Texas trustees. The petition alleges the train was operated by the Missouri trustee as licensee and lessee of the Texas trustee. The rule has been stated broadly that a lessor railroad is liable for the torts of the lessee railroad. 51 C. J. Railroads, sec. 1137. This rule has been recognized by statute in this State. Sec. 5163, R. S. 1939, Mo. R. S. A. Texas follows the same rule. East Line & R. R. R. Co. v. Lee, 71 Tex. 538, 539, 9 S. W. 604. Even if a railroad leases its road contrary to statutory authority it remains

liable for the torts of the one operating it which are committed on its line. International & G. N. R. Co. v. Underwood, 67 Tex. 589, 4 S. W. 216. Since a prima facie cause of action is stated against the Missouri trustee, who for the purposes of suit is a resident of Jackson County, jointly with the Texas trustee who resides in St. Louis, the trial court has jurisdiction of the Texas trustee, and becomes a "court of competent jurisdiction" within the purview of the Bankruptcy Act.

But relators say that the Missouri trustee is fraudulently joined for the purpose only of obtaining jurisdiction over the Texas trustee, and the plaintiff has in fact no claim against the resident defendant. If so, plaintiff has stated a cause of [492] action which has no existence in point of fact and evidence is required to show such fraudulent joinder. Diehr v. Carey, supra. The trial court has jurisdiction to determine this issue. Section 61 of the new Code permits lack of jurisdiction over the person to be raised by motion whether or not the same may appear from the pleadings and other papers filed in the cause. Sec. 847.61 Mo. R. S. A., Carr, sec. 190. Under the new practice evidence may be heard in the trial court before trial and the point determined.

The trial court has no jurisdiction over the trustee of the New Orleans, Texas & Mexico Railway Company. Therefore, our preliminary rule is made absolute to prohibit the respondent judge from proceeding against such defendant. But the rule is discharged as to the trustee of the San Antonio, Uvalde & Gulf Railroad Company. It is so ordered. All concur.