RAY NOLTING OLDSMOBILE COMPANY, Plaintiff-Appellant,

v.

66 WATSON DEVELOPMENT COMPANY et al., Defendants-Respondents.

No. 35296.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 19, 1974.

Motion for Rehearing or Transfer Denied Jan. 14, 1975.

Leonard R. Yocum, St. Louis, for plaintiff-appellant.

Husch, Eppenberger, Donohue, Elson & Cornfeld, Myron Gollub, St. Louis, for defendants-respondents.

GUNN, Judge.

This case began in 1966 and has lurched through a labryinth of legal maneuverings scarcely calculated to bring swift disposition of the litigation. Unfortunately, the case does not conclude with this opinion. On April 29, 1966, plaintiff-appellant filed suit against defendants for breach of a lease agreement. Defendants filed an answer and counterclaimed against plaintiff and others as counterclaim defendants. Numerous motions and amendments to pleadings of various assortment were filed from time to time through the years by each of the parties. On April 7, 1972, in response to one of defendants' motions, the trial court filed a memorandum providing that a motion to strike plaintiff's pleadings would be sustained unless responsive answers to interrogatories previously submitted by defendants were filed and served within 30 days from April 7, 1972. On May 8, 1972, plaintiff did file additional answers to interrogatories, but on May 9, 1972 the trial court entered the following order:

"Pursuant to order of April 7, 1972, plaintiff's petition for relief against all defendants are [sic] stricken, and judgment by default entered for defendants against plaintiff."

On May 24, 1972 plaintiff filed a motion to vacate the May 9 order, and the motion was sustained eight months later on January 22, 1973. On February 1, 1973 defendants filed a motion with the trial court to vacate the January 22 order and also filed notice of appeal of the January 22 order with this court. Defendants failed to perfect the appeal and it was ultimately dismissed by this court on November 20, 1973. But on March 9, 1973, the trial court sustained defendants' motion to vacate the January 22 order, thereby in effect reinstating the May 9, 1972 order which had stricken plaintiff's petition and given default judgment to defendants on plaintiff's action. Plaintiff thereupon appealed the March 9 order which is now before us.

From the morass of legal manipulations and caverns of confusion we scorecard the relevant dates as follows:

1) April 7, 1972: court orders plaintiff to file additional answers to defendants interrogatories within 30 days;

2) May 8, 1972: plaintiff files additional answers to interrogatories;

3) May 9, 1972: court enters default judgment against plaintiff's petition for failure to file additional answers within 30 days;

4) January 22, 1973: trial court enters order vacating May 9 order;

5) February 1, 1973: defendant files motion to vacate January 22 order and also appeals January 22 order to Court of Appeals which ultimately dismisses appeal;

6) March 9, 1973: trial court sustains defendants' motion to vacate January 22 order thereby reinstating May 9 order which entered default judgment against plaintiff's petition.

Plaintiff argues that when defendants appealed the January 22 order, the trial court lost jurisdiction of the case and was without authority to issue any further orders including the order of March 9 which reinstated the May 9 order. Defendants counter that the May 9 order was a final judgment; that Rule 75.01, V.A.M.R., allows a trial court only 30 days to retain control of a judgment, or, at most, the trial court has 90 days to act under Rule 78.04 if a motion for new trial is filed; that since the trial court did not act on the May 9 order until January 22, a lapse of over 8 months, the trial court lost jurisdiction of the case. Both parties agree that the February 1 filing of the notice of appeal from the January 22 order deprived the trial court of jurisdiction to enter the March 9 order.

■ To start somewhere in the unraveling of this involuted case, we turn to the May 9 order. Proper disposition of the case depends on the determination of whether the order of May 9, 1972 rendering default judgment against plaintiff's petition was a final, appealable judgment. We conclude that it was not. The May 9 order was aimed only at plaintiff's petition and did not dispose of the counterclaims which defendants had filed against plaintiff and others. The order makes no mention of the counterclaim and is directed only to the dismissal of plaintiff's petition. Before an order becomes appealable, it must dispose of all parties and issues, including counterclaims. The order of May 9 did not dispose of defendants' counterclaims. Therefore, it was not a final, appealable order. Nadler v. Continental Insurance Co., 511 S.W.2d 446 (Mo.App. 1974); Brown Supply Co. v. J. C. Penney Co., 505 S.W.2d 463 (Mo.App.1974).

■ Generally, as suggested by defendant, under Rule 75.01 the trial court is limited to a 30 day period in which it may vacate its judgment, or, under Rule 78.04 to a 90 day period if an appropriate after-trial motion is filed. However, such time limits are not applicable when, as in this case, the judgment is not final. State ex rel. Schweitzer v. Greene, 438 S.W.2d 229 (Mo. banc 1969); State ex rel. Aubuchon v. Jones, 389 S.W.2d 854 (Mo.App.1965). Consequently, the trial court would have had authority on January 22 to vacate the May 9 order and on March 9 to vacate the January 22 order, which would leave the May 9 order still in effect with only the interlocutory decree for default judgment on plaintiff's petition enduring.

■ But what remains—the May 9 order—is an invalid order. The May 9 order is premised on the mistaken assumption that plaintiff did not file answers to interrogatories within the 30 day period required. Rule 44.01 sets forth the manner for the computation of time periods prescribed by court order. It provides that where the last day of the time period is a Sunday or legal holiday, "the period runs until the end of the next day which is neither a Sunday or a legal holiday." The April 7, 1972 order required that plaintiff's answers be submitted within 30 days. The 1972 calendar shows the 30 day period ended on Sunday, May 7, 1972. By applying Rule 44.01, the answers were timely, as they were filed on Monday, May 8, 1972. Boone v. Danforth, 463 S.W.2d 825 (Mo. banc 1971). The foundation for the trial court's order of May 9, 1972 which struck plaintiff's petition pursuant to the April 7 order was incorrect as the answers were timely filed. The May 9 order cannot stand, and we reverse and remand the case.

■ We now dispose of contentions of the parties. Plaintiff asserts that the May

9 order was not a final judgment and could be vacated by the trial court's January 22 order. However, plaintiff contends that when the January 22 order was appealed jurisdiction was vested in the appellate court, and the trial court had no jurisdiction to enter the March 9 order. Accordingly, the order standing would be the January 22 order which vacated the May 9 order, and plaintiff's petition would not be in default. We disagree. Plaintiff's position has a faulty basis as it incorrectly presumes that an order vacating a nonappealable order is itself a final judgment ripened for appeal. It is not. State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S. W.2d 487 (Banc 1947). We have noted that the May 9 order was not a final, appealable order, and the appeal of the January 22 order was therefore an appeal of a nonappealable order. In State ex rel. Thompson v. Terte, supra the following was said l.c. 207 S.W.2d 489:

> "The cases are not in harmony but the weight of decision apparently supports the view that where an appeal is attempted from a nonappealable order, or if the appeal is irregular the trial court retains jurisdiction of the case. See 4 C.J.S., Appeal and Error, § 606."

The abortive appeal of the January 22 order did not rob the trial court of jurisdiction to make subsequent orders.

Defendant contends that at some point in time it abandoned its counterclaims by failing to pursue them during the course of the case; that as a result, after the trial court disposed of plaintiff's petition by the May 9 order, there were no issues left for determination and the judgment of May 9 was final and appealable. If by uncommunicated intent, the defendant is at any time permitted to abandon its counterclaims, the May 9 order could have become final without plaintiff's knowledge and plaintiff thereby denied, to its detriment, the opportunity to appeal the final order in a timely manner. There was no evidence here, other than defendants' statement in their brief, by which it could be inferred that defendant abandoned its counter claims, and such abandonment, to be effective, must have been made known to plaintiff to allow it to appeal the order once known to be final. Cases cited by defendant holding that a counterclaim may be waived and abandoned through nonaction are not here applicable.

The whole of this case rests upon an invalid order—the May 9, 1972 order—leaving the other orders for naught. We disapprove the action of the trial judge and remand the case to the trial court leaving the parties free to enter the fray of legal battle in the status each maintained prior to the May 9, 1972 order.

SIMEONE, P. J., and McMILLIAN, J., concur.