## Mid City Wholesale Grocers, Inc., Appellant, v. Elsie Bischoff, Appellee.

### Gen. No. 43,153.

Heard in the second division of this court for the first district at the October term, 1944. Opinion filed December 18, 1945. Released for publication January 2, 1946.

J. Thomas Moore, of Chicago, for appellant.

Abraham Miller and E. S. Sternberg, both of Chicago, for appellee; Abraham Miller, of Chicago, of counsel.

Mr. Presiding Justice Friend delivered the opinion of the court.

Prior to his death on October 11, 1942, A. Bischoff, defendant's husband, had a grocery store at 3553 S. Washtenaw avenue in Chicago and had purchased from plaintiff, goods, wares and merchandise for which payment had not been made at the time of his death. Defendant took possession of the store with all its contents and promised to pay the bill of her

deceased husband. In accordance with that promise she made five payments on account, leaving a balance of $215.58 which she failed or refused to pay. Plaintiff brought suit to recover the amount remaining due. Defendant interposed the twofold defense (1) that in order to obtain additional merchandise with which to carry on the business, she was compelled to pay plaintiff on account, and (2) that it was incumbent on plaintiff to probate the estate in order to properly lodge its claim for the unpaid balance. At the conclusion of the trial by the court without a jury the following order was entered: "The court finds the issues for the defendant." No judgment was entered on the finding. Plaintiff appeals from the foregoing order and seeks to have the appeal determined upon its merits. Upon the record presented we have no jurisdiction to adjudicate the merits of the case but are compelled to dismiss the appeal on defendant's motion under the established rule in this State that where the judgment appealed from is not final or appealable, the court should dismiss the appeal at appellant's cost for want of jurisdiction of the subject matter, and has no power to enter judgment on the merits although the parties make no objection. It was so held in *Chicago Portrait Co. v. Chicago Crayon Co.*, 217 Ill. 200, decided in the October term 1905. In that proceeding no final judgment was entered. Neither party raised any question as to the jurisdiction of the Appellate Court, but submitted the cause on its merits. The Appellate Court, in the opinion filed, called attention to the fact that the judgment was not final or such that an appeal could be taken from it, but treating it as final, disposed of the case on the merits and affirmed the judgment. Appellant prosecuted its further appeal to the Supreme Court and assigned as error the want of jurisdiction of the Appellate Court to decide the case on its merits instead of dismissing the appeal. The Supreme Court, in an opinion delivered by Mr.

Justice CARTWRIGHT, reversed the Appellate Court and held that where a court lacks jurisdiction of the subject matter, jurisdiction cannot be conferred by agreement of the parties; that want of jurisdiction cannot be waived by failing to object; and that in the circumstances the court should have dismissed the appeal at appellant's costs. That ruling was followed in *Brauer Machine & Supply Co. v. Parkhill Truck Co.*, 383 Ill. 569, and in *Reynolds v. Wangelin*, 314 Ill. App. 12. In the latter case the court dismissed the appeal of its own motion because the order from which the appeal was taken was not a final decree. The finding in this case is not a final judgment, any more than would be the verdict of a jury, and therefore not appealable. If plaintiff desired to appeal from the adverse finding, it was incumbent upon it to see that a judgment was entered on the finding, from which an appeal could have been taken.

For the reasons indicated, the appeal is dismissed at plaintiff's costs.

*Appeal dismissed at plaintiff's costs.*

SCANLAN and SULLIVAN, JJ., concur.