235 S.W.2d 262 (1951)
DEEDS et al.
v.
FOSTER et al.
No. 41919.
Supreme Court of Missouri, Division No. 1.
January 8, 1951.
Joseph C. Crain, Ozark, for appellants.
Roscoe C. Patterson, Springfield, for respondent, Gladys Foster.
DALTON, Judge.
Action in ejectment and for partition of described real estate in Greene county, with a cross-action or counter-claim to quiet and determine title in defendant Gladys Foster. At the close of plaintiffs' case, defendant Gladys Foster, who alone appeared and answered, moved for a directed verdict in favor of defendants on both counts of plaintiffs' petition. The motion was sustained and judgment entered accordingly. Plaintiffs have appealed. For convenience we shall refer to the parties as plaintiffs and defendants.
In count one of their petition the plaintiffs alleged that on and prior to June 14, *263 1927, Rutha Caldwell was the fee simple owner of the described real estate; that, thereafter, she conveyed title to James A. Caldwell and his bodily heirs; that Rutha Caldwell was entitled to the possession and use of the premises during her lifetime; that James A. Caldwell is dead and plaintiffs and defendants are his bodily heirs; that Rutha Caldwell died July 22, 1949 and plaintiffs and defendants became entitled to possession as tenants in common, each being the owner of an undivided one-fourth interest; that the ___ day of July 1949 defendant Gladys Foster entered into possession and claims exclusive adverse possession and absolute ownership of the described premises against all persons; that, while claiming and holding the sole and exclusive possession of the premises, said defendant has received the rents and profits therefrom from July 22, 1949 to the date of filing the amended petition; and that the reasonable rental value of the described real estate is $25 per month. The relief asked was for "judgment for the delivery of the possession of said premises and also for their share of the rents and profits therefrom in the sum of $12.50 per month from the 22nd day of July, 1949 until the date of delivery of possession of said premises, and also for the costs of this suit." The same facts were re-alleged in the second count and it was further alleged that plaintiffs and defendants were seized of the real estate as tenants in common and each was entitled to an undivided one-fourth interest. The prayer of the second count was for partition of the lands according to the respective interests of the parties or for the sale of the property and the division of the proceeds and "for such other orders, decrees and relief as to the Court may seem meet and just in the premises."
The separate answer of defendant Gladys Foster admitted that Rutha Caldwell was the owner of the described premises on June 14, 1927 and alleged that Rutha Caldwell was in possession claiming absolute ownership from October 8, 1885 until the date of her death on July 22, 1949. The alleged conveyance from Rutha Caldwell to James A. Caldwell was denied and it was further alleged that the purported deed was void as a conveyance of title because it was testamentary in character and did not take effect until after the grantor's death. It was admitted that Rutha Caldwell remained in possession of the premises and was entitled to the possession and use thereof until the date of her death, July 22, 1949; and that plaintiffs and defendants were the only bodily heirs of James A. Caldwell, deceased. It was further alleged that Rutha Caldwell died leaving a will whereby she devised the described real estate to the answering defendant, subject to the payment of debts; that the will had been duly proven and admitted to probate in the probate court of Greene county; that the personal estate of said deceased did not exceed $250, while the indebtedness amounted approximately to $800; that the probate court had ordered said defendant, the executrix of the will, to take charge of the real estate for the purpose of administration, and that defendant was in possession of the described real estate under claim of ownership, subject to the payment of the debts of Rutha Caldwell, deceased. Defendant denied that plaintiffs and defendants were entitled to possession as tenants in common and admitted that she claimed absolute ownership. She denied the receipt of any rents and profits from the said lands and alleged that she and Rutha Caldwell, under whom she claimed, had been in the open, continuous, exclusive notorious and adverse possession of the described real estate under claim of ownership for more than ten years prior to the institution of this action by plaintiffs. Defendant prayed the court to try, ascertain and determine the title to the described lands and by its judgment and decree to adjudge the said defendant to be the owner thereof in fee simple, subject to the payment of the debts of Rutha Caldwell, and that the plaintiffs and codefendant Marvin Tong, Jr., have no right, title or interest therein. For answer to count two, defendant realleged the same facts and prayed that the second count of plaintiffs' petition (the count in partition) be dismissed and defendant recover her costs.
*264 The cause was tried to the court without the aid of a jury. It was admitted that Rutha Caldwell was the common source of title. Plaintiffs' evidence tended to show that Rutha Caldwell and James A. Caldwell were cousins and neighbors from 1918 to 1943; that in 1942 James A. Caldwell was in possession of a warranty deed to the described real estate; that the deed was written on the usual printed form for a warranty deed; that Rutha Caldwell was the grantor therein and James A. Caldwell was the grantee; that the consideration shown was one dollar and other consideration; that the habendum and warranty clauses were "unto the said party of the second part and unto his bodily heirs and assigns forever"; and that at the close of the deed, immediately preceding the signature of the grantor, were the words: "This deed to be of full force and effect on and after the death of the grantor." The deed was dated June 15, 1927 and had been duly signed and acknowledged on the same date. In 1942, James A. Caldwell was also in possession of an abstract of title to the described lands, with an abstractor's certificate dated June 4, 1927. In July 1926, prior to the date of the deed, Rutha Caldwell and James A. Caldwell had had a deed of trust on the described property released and the record satisfied. The abstract of title shows such release as of July 24, 1926. In 1942, James A. Caldwell had placed the deed and abstract in the possession of his son-in-law, E. F. Deeds, for safe keeping and later had repossessed both deed and abstract. Prior to his death on January 28, 1948, James A. Caldwell again returned the deed and abstract to Mr. Deeds for delivery to one of Caldwell's daughters. The deed and abstract of title were so delivered. Rutha Caldwell died July 22, 1949 and thereafter, on July 27, 1949, the deed was duly filed for record in the recorder's office of Greene county. The reasonable rental value of the property was shown to be $300 per year and there was evidence that partition in kind was not practicable as the real estate could not be divided in four parts of equal value. There was also evidence that after Rutha Caldwell's death, defendant Gladys Foster advised her sister, Alice Thomas (one of the plaintiffs), that Rutha Caldwell had made her a will to the property and that she was going to fight the deed under which the bodily heirs of James A. Caldwell were claiming title.
Defendant Foster's motion for a directed verdict assigned as grounds therefor (1) that plaintiffs' evidence wholly failed to show that they were entitled to possession of the described real estate or had any title or interest therein; and (2) that the alleged warranty deed from Rutha Caldwell to James A. Caldwell was testamentary in character and conveyed no interest in the lifetime of the grantor and was void. The judgment appealed from concludes as follows: "And at the close of the evidence offered by the plaintiffs, the defendant Gladys Foster moved the Court for judgment, which motion was by the Court sustained as to both counts of plaintiffs' petition, the Court finding from the evidence so offered that plaintiffs have no right, title or interest in the land hereinabove described. It is therefore ordered, adjudged and decreed that plaintiffs take nothing by reason of the first count of their petition, and that partition of said land be denied upon the second count of the petition and said count dismissed, and that defendants be discharged and go hence without day, and recover of the plaintiffs their costs in this behalf expended and have execution therefor."
Defendant Foster offered no evidence in support of her cross-action or counterclaim to quiet and determine title to the described premises and she appears to have abandoned it, nevertheless her pleadings stated a claim upon which relief could be granted and the issues raised required some disposition by the trial court. Further, it appeared from the face of count one of plaintiffs' petition that defendant Foster was in the exclusive adverse possession of the described premises claiming the sole ownership thereof and such fact was admitted by her answer. See Johnson v. McAboy, 350 Mo. 1086, 169 S.W.2d 932, 935 (7). The judgment as entered did not attempt to dispose of the cross-action or counter-claim. It did not purport to adjudicate and determine Mrs. Foster's right, *265 title and interest in the described premises, although by her answer she claimed the whole title, pleaded facts upon which she relied to support her claim of ownership, asked for relief and denied that plaintiffs had an undivided one-fourth interest each, as claimed. The relief sought was neither granted nor denied. After the judgment was entered, the plaintiffs requested a finding of facts and conclusions of law. The facts as found by the court are not in dispute, but only the court's conclusions of law (1) that the deed in question was testamentary in character and conveyed no interest in the land during the lifetime of the grantor and (2) that plaintiffs have no interest in the described premises.
Error is assigned on the action of the trial court in sustaining the motion for a directed verdict at the close of plaintiffs' case and on the dismissal of the counts in ejectment and partition upon the theory and finding that plaintiffs have no right, title or interest in the described land.
While the issue has not been raised by the parties, it becomes our duty to determine whether or not a final appealable judgment has been entered in the cause. Severs v. Williamson, Mo.App., 198 S.W.2d 368, 370; Poston Springfield Brick Co. v. Brockett, Mo.App., 183 S.W.2d 404, 406; Hoefer v. Wease, Mo.App., 104 S.W. 2d 721, 723(4). If no such final appealable judgment has been entered, the appeal is premature and must be dismissed. Webster v. Sterling Finance Co., Mo.Sup., 165 S.W. 2d 688, 690.
Defendant Foster's cross-action to quiet and determine title to the described real estate under Sec. 1684 et seq., R.S. 1939, Mo.R.S.A., was what has been referred to as a compulsory counter-claim under Sec. 73 of the Civil Code, Laws of Missouri 1943, p. 377, Mo.R.S.A. § 847.73. This section has been construed and its application fully discussed in the recent case of Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471, 474. A failure to have interposed such a counter-claim respecting the title to the described premises would have barred defendant Foster from subsequently maintaining such an action to quiet and determine her title against the plaintiffs. The judgment of dismissal as to the counts in ejectment and partition as set forth in plaintiffs' petition did not dispose of the title issue raised by defendant's answer. Defendant Foster's right, title and interest in the described land was not quieted or determined, no final appealable judgment was entered and the cause is still pending in the circuit court.
"A judgment is the final determination of the right of the parties in the action." Sec. 1236, R.S.1939, Mo.R.S.A. § 1236. The new Civil Code authorizes an appeal in a case such as this only "from any final judgment in the case." Sec. 126, Laws 1943, p. 390, Mo.R.S.A. § 847.126. The judgment, as entered, could not be said to be an interlocutory judgment in an action in partition "which determines the rights of the parties." The judgment appealed from did not determine the rights of defendant Foster, but only determined that plaintiffs were not entitled to recover in ejectment or to maintain partition because they had no right, title or interest in the described premises.
For the purposes of an appeal a judgment must be a final judgment and it must ordinarily dispose of all parties and all issues in the case. Magee v. Mercantile Commerce Bank & Trust Co., 339 Mo. 559, 98 S.W.2d 614, 616; Hanover Fire Ins. Co. v. Commercial Standard Ins. Co., Mo.Sup., 215 S.W.2d 444, 445; State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487, 489; Webster v. Sterling Finance Co., supra, 165 S.W.2d 688, 690; S. S. Kresge Co. v. Shankman, Mo.App., 194 S.W.2d 716, 717; Hill-Behan Lumber Co. v. Hammer Dry Plate Co., Mo.App., 162 S.W.2d 348, 351; Indiana Truck Co. v. Standard Accident Ins. Co., Mo.App., 74 S.W.2d 486, 487. While there is some authority to the contrary, Cashion v. Meredith, 333 Mo. 970, 64 S.W.2d 670, 674; Mann v. Doerr, 222 Mo. 1, 10, 121 S.W. 86, these cases have been in effect overruled by subsequent decisions. The rule stated applies except for separate final judgments expressly ordered under Supreme Court rule 3.29.
*266 Where, after dismissal of all the counts of plaintiffs' petition, the judgment does not undertake to dispose of a counterclaim, the order of dismissal is not a final appealable judgment. White v. Sievers, 359 Mo. 145, 221 S.W.2d 118, 123; Severs v. Williamson, supra, 198 S.W.2d 368, 370.
Since it appears from the record presented on this appeal that defendant Foster's cross-action or counter-claim to quiet and determine title to the described premises has not been disposed of, no final appealable judgment has been entered in the cause. It follows that plaintiffs' appeal was premature and must be dismissed. It is so ordered.
All concur.