B. E. McNABB and Sophia M. McNabb, Plaintiffs-Appellants,

v.

John M. PAYNE, Defendant-Respondent.

No. 7350.

Springfield Court of Appeals.

Missouri.

June 20, 1955.

Chas. E. Prettyman, 3rd, Neosho, for plaintiffs-appellants.

Edward V. Sweeney, Monett, for defendant-respondent.

STONE, Judge.

Plaintiffs instituted this action in replevin by the filing of their petition in conventional form in which they alleged "that they are entitled to the possession and are the owners" of certain described personal property of the reasonable value of $800. In his counterclaim, defendant asserted that, "by failing to furnish seed as agreed," plaintiffs had breached a *written* farm lease executed by them, as lessors; that, by their alleged refusal "to buy or pay for feed for the livestock" on their farm, plaintiffs also had breached an *oral* agreement with defendant, their tenant; and that, by reason of "plaintiffs' breach of contract" alleged to have been "wrongful, willful and malicious," defendant was entitled to recover actual damages of $1,000 and punitive damages of $5,000. Plaintiffs' motion to strike the counterclaim was overruled on July 1, 1953.

By its verdict, the jury found "that the *plaintiffs were the owners and entitled to the possession of*" a bay horse, certain harness, and *"one-half interest"* in three

bulls, one heifer, one steer and two horses, found "*the right of property and possession in the defendant*" to three cows, other harness, and "*one-half interest*" in the same bulls, heifer, steer and horses, and assessed "the value of said property at $400 on the undivided property." Thereupon, the court entered judgment "that the plaintiffs are the owners and shall have and recover judgment against the defendant for the exclusive possession of" the bay horse and harness; "that the defendant is the owner and shall have and recover judgment against the plaintiffs for the exclusive possession of" the three cows and other harness; "that the plaintiffs and the defendant are joint owners, each having a one-half undivided interest" in and to the three bulls, one heifer, one steer and two horses; "that the value of said undivided property is assessed at $400; and that execution issue therefor." *There was no mention of defendant's counterclaim in either the verdict or the judgment.* In view of the general rule that, absent an agreement to the contrary, one joint tenant or tenant in common cannot maintain an action of replevin against his cotenant [McDowell v. Hollingsworth, Mo.App., 10 S.W.2d 314, 315(1, 2); Farmers' Sav. Bank v. American Trust Co., Mo.App., 196 S.W. 35, 37(4); 77 C.J.S., Replevin, § 49, p. 34], and in view of the fact that neither the pleadings nor the instructions called for determination of the respective interests of the parties in the personal property involved, the form and language of the verdict and judgment would suggest legal questions of substance, *if we were at liberty to consider the case on its merits.*

 Since the right of appeal is purely statutory [Tucker v. Miller, 363 Mo. 820, 253 S.W.2d 821, 823(1); Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W.2d 693, 695(1), 34 A.L.R.2d 972; Dugan v. Trout, Mo.App., 271 S. W.2d 593, 595(1)], plaintiffs' right (if so) to maintain the instant appeal depends upon that provision of Section 512.020, RSMo 1949, V.A.M.S., which permits an appeal "*from any final judgment in the case.*" By a long and un-

broken line of decisions, it has been established firmly that a judgment, to be final and appealable, must dispose of all parties and all issues in the cause and must leave nothing for future determination. Bennett v. Wood, Mo., 239 S.W.2d 325, 327–328(3); Deeds v. Foster, Mo., 235 S.W.2d 262, 265 (4); State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487, 489(2); Huber v. Solon Gershman Realtors, Mo.App., 263 S.W.2d 858, 859(1); Ash Grove School Dist. R-4 v. Callison, Mo.App., 252 S.W.2d 96, 97(2); Kidd v. Katz Drug Co., Mo.App., 244 S.W.2d 605, 606(2); Severs v. Williamson, Mo.App., 198 S.W.2d 368, 370(3). There is nothing in the record to bring this case within the exception that, where a finding upon plaintiff's cause of action necessarily carries with it a finding upon defendant's counterclaim, the judgment may be sustained even though the counterclaim is not mentioned therein [Commercial Nat. Bank of Kansas City, Kan. v. White, Mo., 254 S.W.2d 605, 608–609(4); Staples v. Dent, Mo.App., 220 S.W.2d 791, 792(2)], and, although a trial court may, "in furtherance of convenience or to avoid prejudice," order a separate trial of a counterclaim [Section 510.180(2) RSMo 1949, V.A.M.S.; cf. Lightfoot v. Jennings, 363 Mo. 878, 254 S.W.2d 596, 597(4)], it is not suggested that any such order was made in the instant case. Defendant having testified in support of the above-quoted allegations in his counterclaim, *plaintiffs having offered* an instruction dealing with the burden of proof on defendant's counterclaim, and there being no mention of dismissal or abandonment of the counterclaim in the transcript on appeal, which we must take as it comes to us [Bennett v. Wood, supra, 239 S.W.2d loc.cit. 327(2); Ellis v. State Department of Public Health and Welfare, Mo.App., 277 S.W.2d 331, 335(4)], the record does not permit us to say that the counterclaim was abandoned; and, the verdict and judgment having made no disposition of the counterclaim, there was no final judgment from which to appeal.

It being our duty to determine, sua sponte, whether a final appealable judgment has been entered in the cause [Hammonds

v. Hammonds, Mo., 263 S.W.2d 348, 350(4); Deeds v. Foster, supra, 235 S.W.2d loc.cit. 265(1); Ladue Contracting Co. v. Land Development Co., Mo.App., 262 S.W.2d 360 (1); Poston Springfield Brick Co. v. Brockett, Mo.App., 183 S.W.2d 404, 406(1)], we are impelled to conclude that plaintiffs' appeal was premature and, therefore, must be dismissed. It is so ordered.

McDOWELL, P. J., and RUARK, J., concur.