I. E. GOLDSTEIN and Mary Goldstein, Co-partners d/b/a Wiles-Chipman Lumber Company (Plaintiffs), Appellants,

v.

FLORIDIAN HOMES, INC., a Corporation et al. (Defendants), Respondents.

No. 30339.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 17, 1960.

Oliver F. Erbs and Robert A. Cedarburg, St. Louis, for plaintiffs-appellants.

Ludwig Mayer, Clayton, for defendants-respondents.

DOERNER, Commissioner.

This is a purported appeal by plaintiffs from an order of the Circuit Court of St. Louis County sustaining a motion to dismiss the cause of action as to one defendant.

The suit is one for an equitable mechanic's lien, brought by plaintiffs under Section 429.270 RSMo 1949, V.A.M.S., to recover a judgment against Floridian Homes, Inc., a corporation, and Thomas G. Todd, doing business as Todd Construction Company, for the balance of $2,253.22 alleged to remain due for materials furnished the latter, as sub-contractors, which material was claimed to have been used in the erection of improvements being constructed by the general contractor, Donald V. McKee, for the then owner of the land, W. H. Stanley. The petition is in the usual form, and in addition to the parties named, other lien claimants were joined as defendants. It appears from plaintiffs' petition that after the material had been furnished, but before the time within which the lien was required to be filed, W. H. Stanley died; that his heirs were Mary Louise Sindell Hribernik, Virginia Handrahan, and Doris Kuhn, and those individuals were also joined as defendants, as was Doris Kuhn as Administratrix of the Estate of W. H. Stanley.

An affidavit for service by mail was filed on May 16, 1957, in which it was stated that defendant Virginia Handrahan was a non-resident and could not·be served with process in this state. Thereafter, a summons, together with a copy of the petition, was sent by registered mail to defendant Handrahan by the Circuit Clerk, at her address in Minneapolis, Minnesota, to be delivered only to the addressee, and in due time the Clerk filed a return receipt signed "Virginia Handrahan." According to the transcript, the suit appears to have lain dormant until November 28, 1958, when plaintiffs suggested the minority of defendant, Virginia Handrahan, and Ludwig Mayer, Guardian of the Estate of Virginia Handrahan, was appointed guardian ad litem. At the request of plaintiffs, this order was set aside on December 24, 1958, and a new order entered appointing Ludwig Mayer, Guardian of the Estate of Virginia Handrahan as guardian ad litem and ordering a summons to issue for the guardian ad litem.

Pursuant thereto, a summons directed to " 'Ludwig Mayer, guardian of the Estate of Virginia Handrahan as guardian ad litem' " was issued, and was served by the Sheriff of St. Louis County on December 29, 1958. On January 5, 1959, " * * * Ludwig Mayer, Guardian of the Estate of Virginia Handrahan, a Minor, as Guardian ad Litem * * *," appearing specially for the purpose, filed a motion to dismiss plaintiffs' cause of action and petition as to "this defendant." A hearing was held on that motion on January 9, 1959, at the conclusion of which the motion was withdrawn. On the same day plaintiffs requested, and the trial court directed, that " * * * per order of 12/24/58 * * *" a summons be issued for " * * * Ludwig Mayer, Guardian of the Estate of Virginia Handrahan as such Guardian ad Litem * * *."

Thereafter, on January 13, 1959, " * * * Ludwig Mayer, Guardian of the Estate of Virginia Handrahan, a Minor, * * *"

again appearing specially, filed a motion alleging that the defendant Virginia Handrahan was a minor, having been born on April 10, 1938; that Ludwig Mayer had been appointed guardian of her estate by the Probate Court of St. Louis County on January 28, 1957, and was still serving as such; that as such guardian he had never been served with notice of the lien nor with process in the cause, prior to December 24, 1958; that the court acquired no jurisdiction over the defendant Virginia Handrahan by reason of the service by registered mail; that plaintiffs had failed to join Ludwig Mayer, Guardian of the Estate of Virginia Handrahan, a minor, as a party defendant, as required by the statutes; and that any action against such party was barred by Section 429.170 RSMo 1949, V.A.M.S. The motion requested that the trial court (1) quash the summons by mail issued to defendant Virginia Handrahan; (2) set aside its order appointing Ludwig Mayer, Guardian of the Estate of Virginia Handrahan as Guardian ad Litem for Virginia Handrahan, and quash the summons theretofore ordered to issue to said Guardian ad Litem; and (3) dismiss plaintiffs' cause of action and petition as to defendant Virginia Handrahan. This motion was heard by the court below on January 23, 1959, evidence was introduced by both the movant and the plaintiffs, and after taking the matter under advisement, the trial court on January 29, 1959, entered the following order:

" 'Special motion of Ludwig Mayer, Guardian of the Estate of Virginia Handrahan, a minor to quash summons heretofore issued for Virginia Handrahan sustained and said summons is quashed.

" 'Said motion to set aside order appointing guardian ad litem sustained and said appointment is set aside.

" 'Said motion to quash summons for said guardian ad litem sustained and said summons is quashed.

" 'Said motion to dismiss plaintiffs' petition as to defendant Virginia Handrahan sustained, and said cause is dismissed as to said defendant.' "

After unsuccessfully moving to set aside that order, plaintiffs appealed to this court.

While the question was not raised by the parties, it occurred to us at the time of the hearing that this appeal is premature. Our duty to first resolve that question, before considering the matter on its merits, is clear. Deeds v. Foster, Mo., 235 S.W.2d 262; Poston Springfield Brick Co. v. Brockett, Mo.App., 183 S.W.2d 404.

It is axiomatic that the right of appeal is purely statutory, and exists only as provided by statute. Wicker v. Knox Glass Asso., 362 Mo. 614, 242 S.W.2d 566. Under our statute, an appeal lies only from a final judgment, except in certain specific instances, none of which are applicable here. Section 511.020 RSMo 1949, V.A.M.S. And in order to be final, a judgment must ordinarily dispose of all parties and all issues in the case. Lightfoot v. Jennings, 363 Mo. 878, 254 S.W.2d 596.

It is apparent in this case that no final appealable judgment has been rendered, and that this appeal is therefore premature. The cause remains pending and undisposed of to all of the other defendants heretofore named. The identical question here presented has been ruled on by this court in Ladue Contracting Co. v. Land Development Co., Mo.App., 262 S.W.2d 360; Braun v. Graham, Mo., 211 S.W.2d 494; Hill-Behan Lumber Co. v. Hammer Dry Plate Co., Mo.App., 162 S.W.2d 348. In each of those cases it was held that an order dismissing a mechanic's lien suit as to one or more defendants, sole or part owners of the property, without disposing of the case as to the remaining defendant or defendants, was not appealable.

It follows that the appeal should be dismissed, as premature; and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, the appeal is dismissed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.