**H. P. SCHEID, (Plaintiff) Respondent,**

**v.**

**V. E. PINKHAM, V. V. Pinkham, and Ladco Wood Brick Mills, Limited, a Missouri Corporation, (Defendants) Appellants.**

**No. 51499.**

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Fain & Rea, Branson, for plaintiff-respondent.

James H. Keet, Jr., Lincoln, Haseltine, Keet, Forehand & Springer, Springfield, for defendants-appellants.

HOLMAN, Judge.

Plaintiff filed this suit as a minority stockholder of the defendant, Ladco Wood Brick Mills, Ltd., in an effort to recover in behalf of said corporation the sum of $10,000 from V. E. Pinkham and V. V. Pinkham, president and vice-president, respectively, of said corporation. In October 1961 plaintiff had written a letter to other minority stockholders in which he stated that the Pinkhams had misappropriated the sum of $10,000 belonging to the corporation. In this case each of the Pinkhams filed a counterclaim seeking actual damages in the sum of $10,000 and punitive damages in the sum of $50,000 for libel as the result of the aforementioned letter.

The corporation filed a counterclaim in four counts in which it sought judgments as follows: Count I was for the cancellation of 10,000 shares of stock held by plaintiff in the corporation, which was alleged to have been issued without any consideration therefor; Count II sought recovery of the sum of $2,929.15 which had been paid to plaintiff by the corporation (allegedly for services) which it alleged plaintiff was not entitled to retain because he had in fact been working against the interest of the corporation; Count III sought the sum of $25,000 for damages sustained by the corporation by reason of the conduct of plaintiff; and Count IV sought punitive damages in the sum of $25,000 for the same reasons alleged in Count III.

A jury was waived and the cause was tried before the court. The finding and judgment of the court were in favor of the corporation on plaintiff's petition and against defendant V. E. Pinkham in the sum of $10,000. The court found all of the issues for plaintiff on all of the counterclaims except that there was no specific finding or judgment on Count IV of the counterclaim of the corporation. Since the court denied actual damages on Count III, that necessarily disposed of Count IV as there could be no recovery of punitive damages in the absence of a recovery for actual damages. Scheid v. Pinkham, Mo.App., 394 S.W.2d 570. All of the defendants appealed from the judgment. The appeal was taken to the Springfield Court of Appeals but that court was of the opinion that jurisdiction of the appeal was in this court and properly transferred the case here.

For the reasons hereinafter stated we have concluded that the appeal herein is not from a final judgment and hence is premature and should therefore be dismissed.

■ The right of appeal is purely statutory. A judgment is defined in § 511.020 (statutory references are to RSMo 1959, V.A.M.S.) as "the final determination of the right of the parties in the action." Section 512.020 provides, in part, that "[a]ny party * * * may take his appeal * * * from any final judgment in the case * * * ." It has often been said that a final appealable judgment is ordinarily one which disposes of all parties and all issues in the case. Bennett v. Wood, Mo.Sup., 239 S.W.2d 325.

■ As we have stated, plaintiff in his petition sought a judgment (in favor of Ladco) in the sum of $10,000 against V. E. Pinkham and V. V. Pinkham. He alleged that "they, in conspiracy each with the other, did make and utter a check in the name of the defendant corporation and against the account of said defendant corporation in the sum of Ten Thousand and No/100 Dollars made payable to Pinkham Construction Company. * * * That the actions of defendants V. E. Pinkham and V. V. Pinkham were fraudulent, were a misappropriation of funds belonging to defendant corporation for the use and benefit of said defendants Pinkham; were a violation of their office as president and vice-president respectively and that the action taken was without sanction or knowledge of the board of directors; and were done to cheat and defraud the corporation of its funds in the sum of $10,000.00." However, the judgment of the court on plaintiff's petition was "that the Ladco Wood Brick Mills, Limited, a Missouri Corporation, have a judgment against defendant V. E. Pinkham in the amount of $10,000.00 as prayed." There was no judgment against defendant V. V. Pinkham on plaintiff's claim, nor was there any judgment in his favor. As concerns plaintiff's petition, the cause remains pending and undisposed of as to defendant V. V. Pinkham. It is well settled that where a judgment does not dispose of the case as to all of the parties, there is no final judgment from which an appeal may be taken. Wicker v. Knox Glass Associates, Inc., 362 Mo. 614, 242 S.W.2d 566 [7]; Hanover Fire Ins. Co. v. Commercial Standard Ins. Co., Mo.Sup., 215 S.W.2d 444 [1]; State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487 [1]; Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S.W.2d 614; Sutton v. City of St. Joseph, Mo.App., 265 S.W.2d 760 [9]; Lieffring v. Birt, Mo. App., 211 S.W.2d 100; W. T. Rawleigh Co. v. Rouse, Mo.App., 204 S.W.2d 438; Mansfield v. Meade, Mo.App., 194 S.W.2d 544; Poston Springfield Brick Co. v. Brockett, Mo.App., 183 S.W.2d 404 [6]; Cox v. Frank L. Schaab Stove & Furniture Co., Mo.App., 67 S.W.2d 790.

The appeal, being premature, is accordingly dismissed.

All of the Judges concur.