JACK BRANDT, LTD., a Corp., Respondent,

v.

Sam MORRIS and Mary Morris, Appellants.

No. 51248.

Supreme Court of Missouri,
Division No. 2.

March 14, 1966.

Jeans & Boudoures, James W. Jeans, St.
Louis, for plaintiff-respondent.

Dubail, Judge & Kilker, W. Donald Du-
bail, Charles R. Judge, William C. Maier,
St. Louis, for defendants-appellants.

PRITCHARD, Commissioner.

The decisive question is whether the ap-
peal of this case is premature because the
judgment of the trial court did not dispose
of appellants' counter-claim.

Respondent's petition was upon an ac-
count for household furniture and furnish-
ings sold to appellants, and for interior dec-
orating and construction supervision serv-
ices, all of which was furnished, done and
performed at appellants' request between
June 6, 1958 and January 8, 1960. The
prayer of the petition was for $5,253.38,
costs and interest from April 1, 1959. Ap-
pellants denied the allegations of account
due, and filed a counter-claim for $12,500
alleging that in the latter part of 1958, and
during the years 1959 and 1960, respondent
sold appellants certain items of household
furniture and furnishings for use in their
residence, and that respondent also agreed
to perform certain other decorating in the
renovation of appellants' home and in in-
stallation and construction of a swimming
pool thereat. It was further alleged that
the furniture was of an inferior and poor
quality and was required to be either re-
paired or replaced by appellants; that the
interior decorating was improperly and neg-
ligently done and appellants expended con-
siderable sums to have same redone; and
that the tile installed in the swimming pool
buckled and cracked, and appellants were
required to have the tile and entire filter
system thereof replaced, and there was also
water seepage from the swimming pool re-
sulting in damage to appellants' patio which
had to be rebuilt.

The case was continued at various times,
and when it was finally set for trial and
tried, neither appellants' attorney, who left
the courtroom at the time the case was
called and refused to participate without
his clients, nor appellants were present.
Only respondent's evidence in support of

their account sued upon was received. The judgment entered of record recites: "Now at this day comes the plaintiff by officers and counsel, and the defendant fails (sic) to appear, and a jury being waived herein, and this cause now being submitted to the Court upon the pleadings, evidence and proofs adduced and the Court having seen and heard the same and being duly and fully advised of and concerning the premises, finds the issues herein joined in favor of the plaintiff and against the defendants, and that said defendants are justly indebted to said plaintiff for the sum of $5,253.38, plus interest of $1,470.94 aggregating a total judgment for said plaintiff in the sum of $6,724.32." No mention is made of the counter-claim nor is there any order for separate trial thereon under Civil Rule 66.-02, V.A.M.R.

Here, a finding in favor of respondent (as was made) necessarily includes a finding that it sold the goods and performed the construction supervision services. It does not affirmatively appear that the counter-claim arose out of the same transaction, and appellants denied the essential allegations of the petition. However, proof of the allegation of one party and a finding thereon would not make a simultaneous finding for the other party inconsistent therewith where different claims are made. This case falls within the rule that a final judgment must dispose of all issues. Liepman v. Rothschild, 216 Mo.App. 251, 262 S.W. 685, 686 [3]; McNabb v. Payne, Mo.App., 280 S.W.2d 864, 866 [2–8]; Dudeck v. Ellis, Mo., 376 S.W.2d 197, 204 [3]. It does not fall within that class of cases where a judgment for one party necessarily disposes of the claim of the other (e. g., cases where each party claims the other was negligent, cf. Staples v. Dent, Mo.App., 220 S.W.2d 791, 792 [1, 2]), and see Commercial Nat. Bank of Kansas City, Kan. v. White, Mo., 254 S.W.2d 605, 608, where a finding of claimed amount due on a note disposed of defendant's counter-claim wherein he asked restitution of amounts paid on the note by him. In this case proof by respondent of amounts due it from appellants does not by implication dispose of appellants' claims of defective furniture sold them, improper interior decoration, or negligent tile installation and its resultant water seepage damage to their patio.

The appeal being premature, it is dismissed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.