**Lee COONIS, Plaintiff-Appellant,**

v.

**Johnie E. ROGERS and Joroco Enterprises, Inc., a corporation, Defendants-Respondents,**

v.

**SPRINGFIELD CITY REFUSE COLLECTION, INC., a corporation, Third-Party Defendant-Appellant.**

**No. 8633.**

Springfield Court of Appeals.

Missouri.

March 10, 1967.

O. J. Taylor, Neale, Newman, Bradshaw, Freeman & Neale, Springfield, for plaintiff-appellant and third-party defendant-appellant.

Edmund C. Forehand, Lincoln, Haseltine, Forehand & Springer, William A. Moon, Springfield, for defendants-respondents.

TITUS, Judge.

This court-tried action was introduced in the Circuit Court of Greene County, Missouri, when obtainers of orts of sorts got on the outs over a written contract made the ides of March, 1964. Springfield City Refuse Collection, Inc., by the agreement, sold Johnie E. Rogers an established trash collection route in the southern section of Springfield, together with trash containers the use of its name and a refuse dump, access to a repair shop, and the loan of a substitute vehicle when necessary. A truck was also leased to Rogers which was to become his when the contract sale and purchase price was fully paid. The seller agreed not to compete within the designated area for ten years and was to be paid twenty-five per cent of the buyer's receipts until a total of $14,500, plus six per cent interest, had been paid. Plaintiff-appellant Lee Coonis is the assignee of Springfield City Refuse Collection, Inc., the third-party defendant-appellant herein. Joroco Enterprises, Inc., is the assignee of Rogers and

they are the defendants-respondents in this action. Although not technically accurate in each instance, we hereafter for simplicity and brevity refer to the parties collectively as appellants and respondents.

Appellants' three-count petition first sought to enjoin respondents from operating the trash route, from representing to the public they were jointly engaged in business with appellants, and from using the name "Springfield City Refuse Collection." Count Two was to replevin property described in the contract and for $1,000 damages for its alleged wrongful detention. If appellants were denied the relief asked in Counts One and Two, then appellants asked for an accounting by Count Three and for a money judgment in an unspecified amount for the unpaid sum due under the agreement.

Respondents, after denying the essential elements of the petition, counter-attacked with a nine-count counterclaim. Counts One and Two, respectively, asked $10,000 damages for appellants' wrongful interference with respondents' business and $2,000 punitive damages therefor. Counts Three and Four each prayed $23,172 damages because of appellants' failure to furnish a truck lease title and to provide a substitute vehicle. Count Five asked damages of $1,514 because appellants refused use of their dump, and $6,323.50 was claimed in Count Six on account of appellants' activities in the exclusive area described in the contract. Appellants' averred wrongful appropriation of trash containers was said by Count Seven to have damaged respondents $1,360. Count Eight requested a restraint to be put on certain activities of appellants. V.A.M.R. 99.11 was invoked by respondents in Count Nine of the counterclaim wherein they asked judgment (no amount stated) for the value of chattels wrongfully replevied by appellants and for damages incurred during the time the property was illegally detained.

The trial court rendered judgment as follows:

## "JUDGMENT

"All matters and issues having come on for hearing before the court without a jury on the 26th day of April, 1966, and the court having heard all the evidence and taken the matter under advisement, and the court having since read and considered the briefs submitted by both sides, and now being fully advised in the premises, the court finds as follows:

"1. On Count I and II of Plaintiff's Amended Petition the court finds for defendants, Johnie E. Rogers and Joroco Enterprises, Inc., and against the plaintiff.

"2. On Counts I, II, VIII and IX of Defendants' Amended Counterclaim the court finds the issues in favor of defendants, Johnie E. Rogers and Joroco Enterprises, Inc., and against Plaintiff and Third-Party Defendant, and assesses the damages as follows:

"(a) On Count I of Defendants' Amended Counterclaim the court awards damages to defendants Johnie E. Rogers and Joroco Enterprises, Inc., in the amount of $10,000 against which sum is set off and deducted the amount of $7,281.86 due and owing Plaintiff and Third-Party Defendant by said defendants as balance due on sale price under the contract in question, leaving a net finding of damages by the court in the amount of $2,718.14.

"(b) On Count II of Defendants' Amended Counterclaim the court awards damages in the amount of $2,000 to defendants Johnie E. Rogers and Joroco Enterprises, Inc.

"(c) Under Count IX of Defendants' Amended Counterclaim the court awards damages in the amount of $7,500.00 to defendants Johnie E. Rogers and Joroco Enterprises, Inc.

"3. On Counts III, IV, V, VI and VII of Defendants' Amended Counterclaim the

court finds issues in favor of the plaintiff and Third-Party Defendant and against Defendants, Johnie E. Rogers and Joroco Enterprises.

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the defendants, Johnie E. Rogers and Joroco Enterprises, Inc., recover from the plaintiff Lee Coonis, and Third-Party Defendant, City Refuse Collection, Inc., the sum of TWO THOUSAND SEVEN HUNDRED EIGHTEEN DOLLARS and 14 CENTS ($2,718.14) actual damages on Count I of Defendants' Amended Counterclaim; that the defendants, Johnie E. Rogers and Joroco Enterprises, Inc., recover from the plaintiff, Lee Coonis, and Third-Party Defendant, City Refuse Collection, Inc., the sum of TWO THOUSAND DOLLARS ($2,000.-00) punitive damages on Count II of their Amended Counterclaim; that an Injunction Order and Decree be issued under Count VIII of Defendants' Amended Counterclaim against Plaintiff, Lee Coonis, Third-Party-Defendant, City Refuse Collection Company, Inc., and filed herein; that defendants, Johnie E. Rogers and Joroco Enterprises, Inc., have and recover of plaintiff, Lee Coonis the sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) on Count IX of Defendants' Amended Counterclaim and have execution therefor together with defendants, Johnie E. Rogers and Joroco Enterprises, Inc., costs and charges in this behalf expended."

Although on this appeal appellants only claim trial court error in awarding respondents damages in the sums stated in Counts One, Two and Nine of the counterclaim, the penetrating peruser of the judgment will quickly note the Circuit Court made no finding or judgment as to Count Three of the petition.

The right to appeal is purely statutory [1] and, ordinarily, a judgment to be appealable must be final and dispose of all the issues raised by the pleadings.[2]  Regardless of whether the litigants pose the inquiry an appellate court has the duty to ascertain if a final appealable judgment has been rendered and to dismiss the appeal sua sponte if it be found no such judgment was rendered.[3]  It should be initially noted there was no effort in this instance to proceed under V.A.M.R. 66.02, and the failure of the judgment here to make specific disposition of Count Three of the petition is not cured by any of the exceptions or categories outlined in Collier v. Smith, Mo.App., 292 S.W.2d 627 at page 630.

While the trial court may have intended to find for appellants and against respondents on Count Three of the petition due to its pronouncement the $10,000 awarded respondents on Count One of the counterclaim was subject to a $7,281.86 set off (the balance due appellants under the contract), the fact remains there was neither a finding nor a judgment rendered on Count Three of the petition.  Had there been a finding on Count Three of the petition, this alone would not substitute for a judgment.  Mid City Wholesale Grocers, Inc. v. Bischoff, 327 Ill.App. 268, 64 N.E.2d 234, and cases collected in Section 5(a), Annotation, 73 A.L.R.2d, pp. 291–295.  Compare Magee v. Mercantile-Commerce Bank and Trust Co., 339 Mo. 559, 98 S.W.2d 614, where the judg-

---

1. V.A.M.R. 82.01; Steffan v. Steffan, Mo. App., 390 S.W.2d 587, 590(1); Robinson v. Clements, Mo.App., 409 S.W.2d 215, 218(1); Goldstein v. Floridian Homes, Inc., Mo.App., 331 S.W.2d 124, 126(2); State ex rel. State Highway Commission v. Mahon, Mo.App., 350 S.W.2d 111, 114 (9).

2. V.A.M.S. §§ 511.020 and 512.020; V.A. M.R. 74.01; Glick v. Glick, Mo., 372 S.W. 2d 912, 915(2); Brandt, Ltd. v. Morris, Mo., 400 S.W.2d 417, 418(1); Scheid v. Pinkham, Mo., 395 S.W.2d 166, 168(2).

3. Pizzo v. Pizzo, 365 Mo. (Banc) 1224, 295 S.W.2d 377, 379(1); Coyne v. Southwestern Bell Telephone Co., 360 Mo. 991, 232 S.W.2d 377–378(1); Deeds v. Foster, Mo., 235 S.W.2d 262, 265(1, 2); Anderson v. Metcalf, Mo., 300 S.W.2d 377, 378 (1); Cantrell v. Republic National Life Ins. Co. of Dallas, Texas, Mo., 397 S.W.2d 612, 615(1).

**314**

ment recited: " * * * [A]t the close of all the evidence, the Court * * * gave and read to the jury instruction number four in the nature of demurrers to the evidence as to counts Number 2, 3, 4 and 5 of plaintiff's amended petition. Thereupon the trial * * * progressed as to the remaining count number 1 [and the jury found for plaintiff in the sum of $15,722.-94]. Wherefore, it is considered and adjudged by the Court that plaintiff have and recover of defendant on count one of his petition, the sum of * * * $15,722.-94," etc. Dismissing the appeal for being premature the court said (l. c. 615–616, 98 S.W.2d l. c. 615) : "The record contains * * no judgment even purporting to dispose of [counts 2, 3, 4, and 5] * * * A judgment, to be final and appealable, must dispose of all parties and all issues in the cause * * A judgment is not considered final which settles part only of several issues of law or fact * * * [T]he judgment here does not merely omit matters of form or show defectively that a final result was reached. The trouble is that it grants no relief to either party on four of the five counts tried, and shows that no rights were determined at all except on one count only. Therefore, it is clear there is no final judgment in this case." To the same effect see: Russell v. St. Louis and Suburban R. Co., 154 Mo. 428, 55 S.W. 454; Severs v. Williamson, Mo.App., 198 S.W.2d 368; Deeds v. Foster, supra, 235 S.W.2d 262; Hance v. St. Louis-San Francisco Ry. Co., Mo.App., 283 S.W.2d 879; Nokes v. Nokes, Mo.App., 8 S.W.2d 879; Brandt, Ltd. v. Morris, supra, 400 S.W.2d 417.

Except as to Count Three of the petition, we avoid discussion or determination whether the judgment accommodated all counts of the petition and counterclaim as formality requires. These problems can be decided by the trial court when revested with jurisdiction. The fashion in which this case was tried and presented required the entry of one judgment which finally disposed of all the issues and counts in the cause. As rendered, the judgment was entirely devoid of any mention of Count Three of the petition. Not being a final appealable judgment, appellants' appeal was therefore premature and must be dismissed.

It is so ordered.

STONE, P. J., and HOGAN, J., concur.