P. I. C. LEASING, INC., Plaintiff-
Respondent,

v.

ROY A. SCHEPERLE CONSTRUCTION
COMPANY, INC., Defendant, Third-
Party Plaintiff and Appellant,

v.

Harold HAWKEN, Third-Party Defendant-
Respondent.

No. 25914.

Missouri Court of Appeals,
Kansas City District.

Dec. 18, 1972.

Michael P. Riley, Carson, Inglish, Monaco & Coil, Jefferson City, for plaintiff-respondent.

Alex Bartlett, Hendren & Andrae, Jefferson City, for defendant, third-party plaintiff and appellant.

L. H. Wilbers, Jefferson City, for third-party defendant-respondent.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and Special Judge WILLIAM PETERS.

WASSERSTROM, Judge.

The situation here involves a tri-partite transaction under which two-way radio equipment was furnished for appellant's use. Appellant originally negotiated direct-ly for this equipment with Harold Hawken. After they had agreed on the equipment and the terms, Hawken arranged for the transaction to be handled as a lease through P.I.C. Leasing, Inc., in order that certain tax advantages might accrue to appellant. The arrangement finally consummated was that P.I.C. bought the equipment from Hawken, and then P.I.C. in turn leased that equipment to appellant.

Hawken did deliver and install the equipment. However, appellant claims that this equipment never worked properly, did not meet Hawken's representation, and was not fit for the intended use. Hawken made service calls in response to appellant's complaints, but he testified that the equipment was in good working order, with the trouble being that the equipment was not properly used by appellant.

Because of its dissatisfaction with the equipment, appellant made no lease payment to P.I.C. after the original advance deposit. It demanded that the equipment be removed, which P.I.C. did. At the expiration of the lease period, P.I.C. brought this suit to recover the full amount due under the lease.

In response to the P.I.C. petition, appellant filed an answer asserting various affirmative defenses. In addition, it filed a counterclaim seeking to recover from P.I.C. for certain damage allegedly caused to the roof of appellant's building when P.I.C. repossessed the equipment; and appellant also sought a return of the advance down payment made under the lease. Still further, appellant filed a third-party petition against Hawken seeking to recover from him any sums awarded against appellant in favor of P.I.C.

At the close of the evidence and prior to final submission, appellant requested that the trial court prepare findings of fact and state the grounds for its decision, as provided for in Rule 73.01(b) V.A.M.R. The trial court did enter findings of fact in which it found the issues on the P.I.C. petition in favor of P.I.C. and against ap-

pellant; and the trial court further found the issues on the third-party petition against appellant and in favor of Hawken. Judgment was then entered in favor of P.I.C. for the sum of $2,533.65 and dismissing appellant's petition against Hawken. No finding or any judgment was entered with respect to appellant's counterclaim against P.I.C.

■ Before considering appellant's assignments of error, a preliminary matter requires attention. Even though none of the parties has objected to this court's jurisdiction, it is our duty to notice any such question sua sponte. Ordinarily, no appeal will lie from a judgment which does not dispose of all issues in the case, including any counterclaim which may have been filed. Jack Brandt, Ltd. v. Morris, Mo., 400 S.W.2d 417; Custom Control Manufacturer, Inc. v. Matney & Co., Inc., Mo.App., 480 S.W.2d 321; L & L Leasing Co. v. Asher, Mo.App., 440 S.W.2d 181. Since the judgment herein does not mention appellant's counterclaim, the question arises whether this appeal must be dismissed as premature.

■ Adopting a liberal approach in the interest of a disposition on the merits rather than continuing this litigation still further by remanding on procedural grounds, we rule that the judgment below is sufficient to support an appeal, even though no express ruling was made therein concerning the counterclaim. That counterclaim consisted of two elements. The first element was a demand for return of the down payment paid to P.I.C. under the lease, and necessarily was dependent upon a finding that P.I.C. was not entitled to enforce the lease. The trial court found to the contrary and gave P.I.C. judgment for rentals due. In making the computation of what was due, the record shows clearly that the trial court did give credit to appellant for the advance deposit. Accordingly, that element of damage under the counterclaim has been taken into account by the judgment. In any

event, as a matter of law appellant is not entitled to an affirmative recovery of the advance deposit in the face of the ruling adverse to appellant on P.I.C.'s right to enforce the lease. Commercial National Bank v. White, Mo., 254 S.W.2d 605, l. c. 608, discussed in Jack Brandt, Ltd. v. Morris, Mo., 400 S.W.2d 417; Memphis Bank and Trust Co. v. West, Mo.App., 260 S.W. 2d 866, l. c. 878–879.

■ The other element of damage set forth in the counterclaim pertains to damage to the roof of appellant's building alleged to have been caused by P.I.C. incident to its repossession of the radio equipment. This claim of nominal damages in the sum of $100.00 was abandoned by appellant before the case was submitted. It introduced no evidence whatsoever in support of this claim. Furthermore, although it requested findings of fact from the trial court and submitted to the trial court a lengthy, detailed set of requested findings, no mention of the alleged damage to its roof was contained in those requested findings. The abandonment of this nominal claim is further reflected in the fact that appellant filed no after trial motion complaining about a lack of ruling in that regard, and by the further fact that no point is contained in its brief on this appeal with respect to that matter. Indeed, in appellant's statement of facts it summarizes its counterclaim, along with the other pleadings, but does not so much as mention any claim of damage to the roof.

■ Under facts not nearly so strong as those outlined above, our courts have held that particular claims had been abandoned, dismissed or waived so that a failure of a judgment to rule thereon did not deprive the judgment of finality for the purposes of appeal. Villmer v. Household Plastics Co., Mo., 250 S.W.2d 964, l. c. 970; Albrecht v. Piper, Mo.App., 164 S.W. 2d 105, l. c. 110; Scheid v. Pinkham, Mo. App., 394 S.W.2d 570, l. c. 573; appeal transferred, 395 S.W.2d 166. This Court is authorized to and will amend the judg-

ment to expressly dismiss the counterclaim as the trial court should have done. Rule 84.14, V.A.M.R.; Commercial National Bank v. White, Mo., 254 S.W.2d 605, 1. c. 609; Memphis Bank & Trust Co. v. West, Mo.App., 260 S.W.2d 866, 1. c. 878–879.

Turning now to the merits, the essence of appellant's defense in the trial court was that the radio equipment in question did not work properly; and the essence of its complaint on this appeal is that the trial court erred in failing to treat that as a defense to the P.I.C. claim, or alternatively as a basis of recovery by appellant against Hawken. Appellant presents this basic defense in differing legal dress as failure of consideration, misrepresentation, breach of contract, breach of express warranty, breach of implied warranty, accord and satisfaction and unconscionability. Nevertheless, and notwithstanding this variety in form of argumentation, as appellant itself states in its brief, all of these theories are fundamentally the same, in that "the central concept, however, being that the radio equipment never worked properly".

Consequently, upon appellant's own analysis, it is not entitled to succeed on its affirmative defenses against P.I.C., or on the third-party claim against Hawken, unless it succeeded in proving that the radio equipment in question was defective. The evidence on this issue was in sharp conflict. Roy A. Scheperle, appellant's President, testified that the equipment was never in working order, and that only two calls went through during all the time that it was in place. Dean Andrews, appellant's bookkeeper, also testified that the equipment never worked, that the sound was so distorted that voices were not understandable, and that only one call had been successfully put through on the equipment. On the other hand, Harold Hawken, the third-party defendant, testified that there was nothing wrong with the equipment and the problem was the manner in which it was operated. He testified that Scheperle complained about the equipment on one oc-

casion, and that Hawken was able to repair the difficulty promptly by connecting a wire which had become loose. Scheperle admits incidentally that the equipment did work properly immediately after Hawken reconnected that loose wire. Hawken testified that on the only other occasion when he inspected the equipment, he found that the volume had been turned down too low for the sound to be heard.

■■ Faced with this square-toed conflict in testimony, the trial court made the following observation in its findings of fact: "The Scheperle Construction Company did not offer any evidence of any radio repairman or expert to the effect that the equipment was not fit for the purposes intended." The quoted sentence, taken in context of the court's discretion of the opposing testimony, should be interpreted as meaning that from the appellant's point of view, the evidence was no better than evenly balanced, and that absent some outside evidence, such as expert testimony from a radio repairman, the appellant had failed to carry its burden of proof. However, if this finding were not to be so interpreted, then the result would be that there would be no finding at all with respect to this critical issue of whether or not the equipment in question was defective. Under such circumstances, the case would fall within the provision of Rule 73.01(b) V.A.M.R., which provides: "All fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached." This provision applies even where the losing party requested findings of fact, but the trial court failed to comply with such request. This is expressly ruled in Goldstein v. Studley, Mo., 452 S.W.2d 75, 1. c. 78, where it is held:

"At the conclusion of the trial plaintiffs requested the trial court to make findings on certain controverted fact issues. Among these requests was the issue of whether the directors of the corporation were deadlocked and whether the shareholders were unable to break the

deadlock. We find that the trial court failed to make findings on this issue and on the other request of plaintiffs, but in accordance with the last sentence of Civil Rule 73.01(b) these fact issues are deemed found in accordance with the result reached."

Similarly: Brusca v. Gallup, Mo.App., 429 S.W.2d 780.

The result is that the crucial issue as to whether the radio equipment was defective has been ruled upon by the trial court. On the basis of this record, there is no warrant for disturbing that finding. This conclusion renders unnecessary any discussion of other defenses raised respectively by P.I.C. and Hawken.

The judgment is amended to add the following: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the counterclaim of Roy A. Scheperle Construction Company, Inc., be and it is hereby dismissed". As so amended, the judgment is affirmed.

All concur.