**Mary RAMATOWSKI, Plaintiff-Respondent,**

v.

**Richard RAMATOWSKI, Defendant-Appellant.**

**No. 32551.**

St. Louis Court of Appeals.

Missouri.

April 18, 1967.

Stewart & Bruntrager, St. Louis, for defendant-appellant.

**828**

Francis L. Kane, David L. Campbell, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

With commendable frankness counsel for defendant, the appellant, have voluntarily raised the question of whether the judgment appealed from in this case is a final and appealable judgment. They conclude that it is, a decision with which, regretably, we cannot agree.

Plaintiff and defendant are wife and husband. Plaintiff began the suit by filing a petition for a divorce, to which defendant initially responded by filing an answer and cross-bill in which he sought the divorce. Subsequently, defendant filed an amended cross-bill in which he alleged that at the time the parties went through the marriage ceremony plaintiff was, and for some time theretofore had been, insane, and prayed that the marriage be annulled. At the suggestion and request of defendant the court appointed a guardian ad litem for plaintiff, who was later joined by a guardian of plaintiff's person appointed by the Probate Court of the City of St. Louis.

At the start of the trial, held on June 8, 1965, after all had announced ready, trial counsel for defendant stated to the court that he would proceed with defendant's case, that no evidence would be offered on the part of plaintiff, and moved for the dismissal of plaintiff's petition. Neither of the guardians, who are members of the Bar and who also served as attorneys for plaintiff, made any comment. The court replied that it would rule on defendant's motion at the close of all the evidence. The parties then proceeded to introduce evidence pro and con on the issue of plaintiff's sanity, at the conclusion of which the guardians separately moved for the dismissal of defendant's cross-bill. The court took the entire matter under submission. On November 19, 1965, the court entered the following order:

" 'Plaintiff's petition for divorce dismissed for failure to prosecute. On evidence previously adduced defendant's amended cross bill for annulment denied. Costs against defendant.' "

In due time defendant filed his motion for a new trial or in the alternative for judgment in his favor, stated in that order. Under the date of December 17, 1965, the following entry appears in the record:

*"ORDER OF 11/19/65 AMENDED*

" 'It is ordered by the Court, by consent of the parties hereto, that Order setting aside the dismissal of plaintiff's petition be amended, and said petition be reinstated, pursuant to Rule 75.01 Missouri Rules Civil Procedure.' "

(The record contains no prior order setting aside the dismissal of plaintiff's petition. Presumably what was referred to was the order dismissing plaintiff's petition.) Subsequently, the court overruled defendant's alternative motion for a new trial or judgment and defendant brought this appeal.

As stated in Pizzo v. Pizzo, 365 Mo. 1224, 295 S.W.2d 377, cited by defendant, the general rule is that a judgment to be final and appealable must dispose of all parties and all issues in the case and leave nothing for future determination. Section 512.020, RSMo 1959, V.A.M.S. Civil Rule 82.06, V.A.M.R., governs the separate trials of claims and the finality for appeal of resulting judgments. The first sentence would seem applicable only to jury-tried cases, for it provides that when a separate trial of any claim is ordered *and* a jury trial is had, the separate judgment entered upon the verdict shall be deemed a final judgment for the purposes of appeal within the meaning of Section 512.020. The second and third sentences, with which we are here concerned, read:

" * * * When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other

claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined. * * * "

As we construe that portion of the rule, when a separate trial is had in a non-jury case the decision of whether the resulting judgment is or is not a final judgment for purposes of appeal turns on the nature of the tried and untried claims. If those tried arise out of the same transactions, occurrences or subject matter as those not tried the judgment is not an appealable judgment unless specifically so designated by the court. Readenour v. Motors Ins. Corp., Mo., 297 S.W.2d 554. On the other hand, if the claims tried are unrelated to those not tried the judgment is deemed a final one for purposes of appeal. Pizzo v. Pizzo, supra.

■■ In the instant case the claims of both parties arise out of the same occurrence or subject matter, their marriage. Plaintiff seeks to dissolve their marriage by a decree of divorce. Defendant sought to judicially eradicate it by a decree of annulment. The trial court denied defendant relief on his amended cross-bill but it did not specifically designate its order or decree as a final judgment for purposes of appeal, and such denial of relief to the defendant did not thereby operate to dispose of plaintiff's action for a divorce. While the court in its original order and judgment had dismissed plaintiff's petition for failure to prosecute, the record shows that within the time allowed and with the consent of defendant the court reinstated it. Thus plaintiff's claim remains pending and undisposed of. Defendant maintains that if we granted the annulment he seeks our judgment would necessarily dispose of plaintiff's claim. But the finality of a judgment for the purposes of an appeal must be determined by the situation as it exists in the trial court at the time the appeal is sought, not by what may or may not thereafter occur in the appellate court.

It follows that defendant's appeal is premature, and is therefore dismissed.

## PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court. Accordingly, appeal is dismissed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.