Adolph G. SCHUMACHER, Executor of the Estate of Anna Bock, Deceased, Plaintiff-Appellant,

v.

The SHEAHAN INVESTMENT COMPANY, a Corporation, and Andrew E. Sheahan, William C. Barnett, Defendants-Respondents.

William C. BARNETT, Third Party Plaintiff-Respondent,

v.

TITLE INSURANCE CORPORATION OF ST. LOUIS, a Corporation, Third Party Defendant-Respondent.

No. 32915.

St. Louis Court of Appeals.

Missouri.

Jan. 16, 1968.

Adolph G. Schumacher, Clayton, for plaintiff-appellant.

Kerth, Thies & Schreiber, Clayton, for defendants-respondents.

William C. Barnett, St. Louis, Alvin L. Mayer, Clayton, for third party plaintiff-respondent.

Ziercher, Tzinberg, Human & Michenfelder, George J. Bude, Clayton, for third party defendant-respondent.

DOERNER, Commissioner.

This appeal was taken to the Supreme Court, which held that it was without juris-

diction and transferred the cause to this court. Bock v. Sheahan Investment Co. et al., Mo., 412 S.W.2d 393. After such transfer the death of plaintiff Anna Bock was suggested and the Executor of her estate substituted as appellant. However, in the interests of clarity we will refer to the parties as they stood in the trial court.

The amended petition filed by plaintiff, upon which the case was tried, contained three counts. In Count I plaintiff sought an accounting from defendants Sheahan Investment Company, Sheahan, and Barnett of the proceeds of a $20,000 loan made to her by defendant Sheahan Investment and the cancellation of the deed of trust given as security for such loan. In Count II plaintiff alleged that at the time the loan secured by the deed of trust was made the same defendants were aware that she would be financially unable to pay it when it came due and that a foreclosure would result in the future, for which alleged wrong she sought actual damages of $10,000 and punitive damages of $25,000 from them. And in Count III plaintiff pleaded that defendant Barnett had induced her to give him her will, and that he had failed and refused to return it on demand. The prayer was for a judgment ordering him to do so forthwith. The transcript does not show that any order for a separate trial was requested or made. All that appears is that a trial on Counts I and III was held in the equity division of the St. Louis County Circuit Court and a judgment and decree rendered on those counts which was adverse to the plaintiff. No designation was made by the court that the judgment should be deemed a final judgment for purposes of appeal within the meaning of § 512.020, RSMo 1959, V.A.M.S.

■ We are confronted with an unusual situation, which the Supreme Court noted but did not reach because its first concern was with its lack of jurisdiction. Despite the fact that she took the appeal plaintiff urges that the trial court erred in attempting to enter a final judgment on Counts I and III because Count II remains undisposed of. Of course, if the judgment on Counts I and III is not a final judgment for purposes of appeal within the meaning of § 512.020 then plaintiff's appeal is premature and should be dismissed. Meyer Jewelry Co. v. General Insurance Co. of America, Mo., 422 S.W.2d 617, November 13, 1967; Bays v. Lueth, Mo., 323 S.W.2d 236; Ramatowski v. Ramatowski, Mo.App., 414 S.W.2d 827. On the other hand, defendant Barnett has filed a motion to dismiss the appeal on the ground that plaintiff's brief fails in numerous respects to comply with the requirements of Civil Rule 83.05, V.A.M.R. We consider first the finality of the judgment, a question which we would be required to determine as a matter affecting our jurisdiction even if not raised by the parties. Dotson v. E. W. Bacharach, Inc., Mo., 325 S.W.2d 737; Deeds v. Foster, Mo., 235 S.W.2d 262.

Civil Rule 82.06, V.A.M.R., provides in part:

" * * * When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined. * * * "

As we construe that portion of the rule, when a separate trial is had in a non-jury case the decision of whether the resulting judgment is or is not final for purposes of appeal turns on the nature of the tried and untried claims. If those tried arose out of the same transactions, occurrences or subject matter as those not tried the judgment is not an appealable, final judgment unless specifically so designated by the court. But if the claims· tried are unrelated to those not tried the judgment is deemed a final one for the purpose of appeal unless otherwise designated. Meyer Jewelry Co. v. General Insurance Co. of America, supra; Ramatowski v. Ramatowski, supra.

In the instant case plaintiff's claims against defendants Sheahan Investment, Sheahan, and Barnett were separated into two counts, the first in equity and the second at law. In Count I she sought an accounting of the proceeds of the loan arranged for by defendant Barnett and made by defendants Sheahan Investment and Sheahan, and the cancellation of the deed of trust given by her as security for the loan. In Count II she sought actual and punitive damages for an alleged wrong by reason of the making of the loan and deed of trust. Thus the parties were the same in both counts, and the claims made against them arose out of "the same transactions, occurrences or subject matter," the loan made to plaintiff and the security therefor executed by her. The judgment on Counts I and III not having been designated final for purpose of appeal and there having been no disposition of Count II we are constrained to hold that the judgment attempted to be appealed from is not final. Meyer Jewelry Co. v. General Insurance Co. of America, supra; Bays v. Lueth, supra; Ramatowski v. Ramatowski, supra.

The appeal, being premature, is therefore dismissed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, appeal dismissed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.