**L & L LEASING COMPANY, a Corporation, Plaintiff-Appellant,**

v.

**Bob ASHER, d/b/a Bob's Carpet and Tile, Defendant-Respondent.**

No. 33357.

St. Louis Court of Appeals.

Missouri.

April 15, 1969.

Armstrong, Teasdale, Kramer & Vaughan, William H. Webster, Donald U. Beimdiek, George S. Thomas, St. Louis, for plaintiff-appellant.

Wm. J. Becker, Clayton, for defendant-respondent.

SMITH, Commissioner.

This action commenced in the Magistrate Court in St. Louis County upon plaintiff-appellant's petition seeking damages for breach of contract. Defendant-respondent filed an answer and counterclaim. Judgment in the Magistrate Court was for the plaintiff on its petition and for plaintiff on defendant's counterclaim. Appeal was taken to the Circuit Court. The cause, both petition and counterclaim, was there submitted on a stipulation of facts.

Plaintiff's cause of action was based upon the theory that the agreement between the parties was a valid lease of personal property for a fixed term and that defendant in failing to make the required payments was liable for the unpaid contract amount. Defendant's counterclaim was based upon the theory that the agreement was a conditional sales contract and that the repossession of the typewriter by plaintiff entitled defendant to seventy-five per cent (75%) of the money paid by him to plaintiff under the agreement.

The Circuit Court entered the order appealed from in the following words: "Finding and judgment in favor of defendant. Costs against plaintiff." Plaintiff appealed.

We are met at the outset by the question, not raised by either party, of the appealability of the order above set forth.

■ We must consider the appealability of the judgment, even though not raised by the parties. Bennett v. Wood, Mo., 239 S. W.2d 325; Schumacher v. Sheahan Investment Company, Mo.App., 424 S.W.2d 84.

■ With certain exceptions, not here pertinent, appeals are authorized only from final judgments. Sec. 512.020 R.S.Mo. 1959, (V.A.M.S.). Final judgment must dispose of all parties and issues in the case. It must dispose of all claims and counterclaims, except in certain special situations such as those enumerated in Civil Rule 82.06 (V.A.M.R.), not applicable here. Bennett v. Wood, supra; Farmers Mut. Hail Ins. Co. v. Garnand, Mo.App., 238 S. W.2d 437; Schumacher v. Sheahan Investment Company, supra; Severs v. Williamson, Mo.App., 198 S.W.2d 368.

■ The judgment here appealed from makes no ruling on defendant's counterclaim. Plaintiff asserts that by inference the counterclaim was denied. We cannot so infer. No reference to the counterclaim is made in the order of the Court. The counterclaim seeks a money judgment. The finding for the defendant is not neces-

sarily consistent with a denial of the counterclaim. On the contrary, it is equally inferable that the Court intended to find for the defendant on the counterclaim but failed to include such finding in the order. We take the record as we find it, and we will not speculate on the intentions of the trial court in entering its order or create by inference a judgment. On the record before us the Court has not ruled on defendant's counterclaim and the judgment therefore is not final.

The appeal is dismissed as premature.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the appeal is dismissed as premature.

BRADY, J., and DOUGLAS W. GREENE, Special Judge, concur.