**Lulu Mae BYOUS, Respondent,**

v.

**Joel LAWSHEE, Appellant.**

**No. 55692.**

Supreme Court of Missouri, Division No. 1.

Jan. 10, 1972.

Joseph S. McDuffie, St. Louis, for respondent.

Sanford Goffstein, Rodney Weiss, Rosenberg, Weiss, Goffstein & Kraus, St. Louis, for appellant.

HOUSER, Commissioner.

This is a suit in two counts. Count I is an action to set aside a warranty deed on the ground of fraud, to adjudge the title to the real estate to be in plaintiff and for the recovery of $10,000 actual and $10,000 punitive damages. Count II is an action to require defendant to make an accounting of rents on the same property "collected and paid out" from May, 1963, alleged to be in excess of $6,760; to collect "any balance," and for $1,000 for waste committed on the premises. Defendant denied generally, pleaded laches affirmatively, and sought dismissal of both counts and an award of reasonable attorney's fees.

When the cause came on for trial before the court sitting without a jury the following transpired:

"MR. McDUFFIE (counsel for plaintiff): At this time the Court said you would hear evidence on the question of whether or not the accounting would be called for in this case.

"THE COURT: That is right.

"MR. McDUFFIE: Now, with subsequent matters affecting the merits will be gone into later on if the accounting should be had.

"THE COURT: Yes, after we get the accounting in, if you are entitled to an accounting.

"MR. McDUFFIE: The question was, will the merits otherwise touching this be gone into at a later date, and by going into the question of accounting at this time would not waive testimony in another matter.

"THE COURT: Not a thing will be waived, no."

After hearing evidence on the issues of fraud and laches the court on December 23, 1969 entered a general judgment (without reference to the two counts of plaintiff's petition) finding against defendant on the issues of fraud and laches; cancelled the warranty deed; adjudged the title in plaintiff; found that plaintiff was entitled to an accounting of rents, with reimbursement to defendant for money spent in paying off two deeds of trust; and ordered defendant to render a true accounting, and assessed $1,000 actual and $2,000 punitive damages in favor of plaintiff. On January 7, 1970 defendant filed a motion for new trial. On February 24, 1970 the court ordered the motion for new trial "set aside, vacated and for naught held" and lodged with the clerk of the court, and further ordered that the judgment be "held in abeyance for an additional thirty (30) days, to permit the defendant to comply with the Court's order, judgment and decree to 'render an accounting of all rents collected and money expended by defendant in the necessary upkeep of said premises, and for the payoff of the first and second deed of trusts (sic),' as provided in Supreme Court Rule No. 82.06." Neither judgment was specifically designated as a final judgment for the purposes of appeal, as provided in Civil Rule 82.06. No accounting was rendered within the thirty-day period or thereafter. On April 7, 1970 defendant filed a notice of appeal.

Under Civil Rule 82.06, if the trial had been a separate trial "of an entirely separate and independent claim unrelated to any other claims stated or joined in the case" the judgment of December 23, 1969 would be deemed a final judgment for the purposes of appeal, unless the court ordered it entered as an interlocutory judgment to be held in abeyance until the accounting issues were determined (in which event it would not be deemed a final judgment for the purposes of appeal). But this was not a separate trial of a separate, independent and unrelated claim. The issues tried arose out of the same transactions, occurrences or subject matter as those not tried. See Schumacher v. Sheahan Inv. Co., Mo.App., 424 S.W.2d 84, a similar situation in which under the provisions of Civil Rule 82.06 the judgment was held not a final judgment for the purposes of appeal.

Neither the judgment of December 23, 1969 nor the judgment of February 24, 1970 having been designated final for the purposes of appeal and the court not having disposed of Count II, the judgment from which defendant has attempted to appeal is not final and appealable. Accordingly the appeal is dismissed as premature. Schumacher v. Sheahan Inv. Co., supra, and cases cited, 424 S.W.2d, l.c. 86; Bays v. Lueth, Mo.Sup., 323 S.W.2d 236.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.