**Sylvia T. GOULD, Plaintiff,**

**I. Lee Kraft, Guardian ad litem, Cross-Petitioner-Respondent,**

**v.**

**Wayne R. STARR, Jr., Defendant,**

**Christine L. Moreland, Elwyn L. Cady, Jr., Defendants-Appellants,**

**United Missouri Bank of Kansas City, N.A., Successor Trustee-Respondent.**

**No. WD30951.**

Missouri Court of Appeals, Western District.

Dec. 2, 1980.

John H. Foard, Jr., Foard & Foard, Kansas City, for defendant-appellant Moreland.

Elwyn L. Cady, Jr., Independence, pro se.

---

1. *Withdrawal* has since been codified as affirmative defense to a criminal charge by § 562.- 041.2(3); MAI–CR 2d 2.16.

I. L. Kraft, Kansas City, for successor trustee-respondent United Missouri Bank.

Before WASSERSTROM, C. J., Presiding, and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

Appeal by removed trustees from judgment surcharging the individual removed trustees in the amount of $59,661. The history of the proceedings leading to the removal of the trustees and the imposition of punitive damages is reported in *Gould v. Starr*, 558 S.W.2d 755 (Mo.App.1977).

Because of the complexity of this litigation, some review of the entire proceedings is necessary. The litigation arises from the proceedings in the estate of Elmer A. "Doc" Gould and the present defendants' actions as trustees of a testamentary trust. The litigation was commenced on the petition of the widow, Sylvia Gould. After the petition was filed, cross-claims were filed on behalf of minor beneficiaries of the trust. The petition of Sylvia Gould was dismissed, and the case proceeded on the cross-claims.

The litigation was in three counts. Count I asked for removal of trustees and surcharge. Count II asked for punitive damages, and Count III was against the individual trustees alleging a claim for improper sale of trust assets for less than real value.[1] Counts I and II were tried, and the trial court stayed the judgment as to the surcharge against the removed trustees until collateral litigation was determined. The judgment on Counts I and II was declared final for the purposes of appeal. That declaration of finality for the purposes of appeal was accepted, and all of the issues, excepting the determination of the amount of the surcharge, were resolved in *Gould v. Starr, supra.*

The collateral litigation upon which the amount of the surcharge depended was a suit against one Garney on behalf of the trust to cancel a note given by the trust to Garney. The involved nature of that loan and the disbursement of its proceeds is detailed in *Gould v. Starr, supra* at 761–762. That litigation was concluded by a settlement, and thereafter the proceedings giving rise to the instant appeal ensued.

The instant proceeding was a hearing on a motion by an attorney appearing on behalf of the successor-trustee to determine the amount for which the former trustees were to be surcharged on account of the Garney note and its disbursement.

A hearing on the motion was held in December, 1978, and the following colloquy between counsel and the trial court appears:

"THE COURT: This is Sylvia Gould, plaintiff, vs. I. Lee Kraft, Guardian ad Litem, vs. Wayne Starr, Jr. and others, defendants, 721,714....

MR. SULLIVAN: [W]hen the Amended Cross-Claim was filed in 1974, nearly five years ago, there was also a Count III involved. Count III involved generally a claim that the real estate was not sold at a fair value, and relief was sought against Wayne R. Starr, Jr. based upon that Count III....

Count III, it seems to me, is involved in these proceedings today. When I mentioned that and discussed it with the Court, with you, Judge Bondurant, it's my recollection that I was told that the Court felt he could not proceed in any matter affecting Wayne R. Starr, Jr. because he just felt that he couldn't give Wayne R. Starr, Jr. a fair hearing, ...

.    .    .    .    .

So following that conversation with this Court *I filed an application for change of judge in January of 1978,* ... So I don't really think it's fair to Starr to proceed further until we can arrive at some conclusion of Count III, or some conclusion as to my motions with respect

---

1. Count III proceeds on the theory that the beneficiaries are entitled to recover the difference between sale price and trust market value where assets have been sold by a fiduciary in breach of a trust. Restatement (Second) of Trusts, § 205, Comment D (1959). Defendant Starr was both executor and trustee. The sale was by the executor, but all of the trustees joined in the sale negotiations. A Starr counterclaim apparently also exists.

to Count III, *and* some determination as to our application for change of Judge.

. . . . .

[MR. KRAFT]: As far as Count III is concerned, I'm here on behalf of United Missouri Bank, successor trustee.... [T]he bank is not proceeding on Count III at all, and allow the beneficiaries, the girls, to proceed as they saw fit.

. . . . .

THE COURT: You originally filed Count III, didn't you?

MR. KRAFT: I did, yes, sir, on behalf of the girls.

THE COURT: And then you withdrew.

MR. KRAFT: Yes.

THE COURT: And at the present time have no interest in it?

MR. KRAFT: I have no interest and I'm not—

. . . . .

MR. SULLIVAN: They are not represented.

MR. KRAFT: I just have no knowledge of Count III. We have not pursued it at all....

THE COURT: [A]s I think all of you were advised, the Court intended to honor the motion for change of judge as to Count III, feeling it could not do it as to Count I and II because those involved the trust, ...

... So the Court is going to send it to the Presiding Judge and have him pick a judge to hear Count III, which I don't think is involved here."

▮ Nothing else appears in this record concerning any disposition of Count III, the judgment is unfortunately not final, and this appeal must be dismissed. A judgment which does not dispose of all the issues between all the parties is not a final judgment. *Coonis v. Rogers,* 413 S.W.2d 310 (Mo.App.1967).

This is more than a formal defect in the present case. It was not an inadvertent omission from the judgment of an overlooked count or counterclaim. Counsel for defendant Starr was vigorously pressing for a disposition of the issues in Count III.

▮ Even if the judgment were final, the proceedings were a nullity and constitute an exercise in futility. The trial judge had before him a request for change of judge which inexplicably had been pending for almost a year. It was filed on behalf of Starr, and Starr was a defendant in all three counts. The principles stated in *Commercial Credit Equipment Corp. v. Colley,* 485 S.W.2d 625 (Mo.App.1972) and *State ex rel. Horridge v. Pratt,* 563 S.W.2d 168 (Mo.App.1978) control. The request for a change of judge should have been granted. No waiver is here involved. The defendants still vigorously assert the prejudice of the trial judge.

The posture of this case and the circumstances of this peculiar and protracted litigation require that something further be said with respect to an issue raised after submission.

Counsel for the defendant, after the argument in this appeal, wrote a letter to the court asserting that an order taxing the fees of the guardian ad litem as costs against defendants had been entered without any notice to the defendants.

Despite the fact that any such order was immune to any direct appeal because of the passage of time, counsel for the trustee requested that we consider the matter pursuant to Rule 84.13. The posture of this case prevents any ruling on the issue; but for the guidance of the parties and the court on the remand of this case, attention is directed to *In Interest of Ray,* 602 S.W.2d 955 (Mo.App.1980); *St. Louis Union Trust Company v. Conant,* 536 S.W.2d 789 (Mo.App.1976); *Ragan v. Looney,* 377 S.W.2d 273 (Mo.1964). It almost goes without saying that in the event the issue of the propriety of that order is relitigated upon remand, fundamental due process requires that the defendants be notified of the pendency of such proceedings and be permitted to participate therein. *Hoppe v. St. Louis Public Service Co.,* 361 Mo. 402, 235 S.W.2d 347 (banc 1950).

The final determination of the issues in this case should not be delayed any longer

than is absolutely necessary. The effect of the dismissal of the appeal is to revest the trial court with jurisdiction of the cause; and since the proceedings before the trial judge giving rise to this appeal were a nullity, the litigation is in the same posture as when the hearing on the motion commenced. In view of the long delay evidenced by this record and the uncertainty and confusion which might exist if the order disposing of the appeal simply recites "appeal dismissed," it seems appropriate to give direction on the future course of this litigation. *Matter of Trapp*, 593 S.W.2d 193 (Mo.banc 1980), is a case where the Supreme Court, pursuant to Mo.Const. Art. V, § 4, and in order to avoid any appearance of impropriety, Canon 2, Code of Judicial Conduct Rule 2, ordered the disqualification of the trial judge. On the basis of that authority, the trial judge is directed to enter an order disqualifying himself from presiding over any further proceeding in this cause. It is further directed that the Presiding Judge of the 16th Judicial Circuit shall forthwith assign a judge to this cause. The judge so assigned shall be directed to give reasonable priority to the conclusion of the issues in this case. To that end, a pretrial conference should be held to limit and define the issues remaining and the representation of the parties, particularly the Gould children. If they are of age, they should be formally notified of the pendency of Count III and the necessity for obtaining counsel. The foregoing direction is not intended to limit the issues or resolve them, but is solely directed to a prompt, orderly, and final disposition of this protracted litigation.

All concur.