Donald SHURTZ, Walter J. Besch and Heide V. Besch, Plaintiffs-Respondents,

v.

Robert B. JOST, Defendant-Appellant.

No. 43157.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 8, 1983.

---

1. For the Missouri opinion, *see State v. Hunter,* 622 S.W.2d 374 (Mo.App.1981).

Wion, Burke & Boll by Edward P. Burke, Clayton, for defendant-appellant.

Harold E. Horsley, Jr., Valley Park, for plaintiffs-respondents.

SATZ, Judge.

This case is before us for the second time on appeal. The first trial involved two consolidated lawsuits and, because of a counterclaim in one, several causes of action. We dismiss this appeal as premature.

In one cause, in the first trial, plaintiffs Walter Besch and Heide Besch, homeowners, sued defendant Robert Jost, a builder, for breach of a building contract, and Jost counterclaimed for the contract price. From the record presently before us, it appears that the Beschs' allegations against Jost were made in three separate counts seeking special and general damages.[1] In the second cause, plaintiff, Donald Shurtz, a realtor, sued defendant Jost for payment of a real estate commission and, apparently, for reimbursement of a loan placement fee.[2] The causes were consolidated, tried before a jury, and the jury returned verdicts in favor of both plaintiffs Besch and Shurtz and also in favor of defendant Jost on his counterclaim. Defendant Jost appealed the two judgments against him. *See Shurtz v. Jost,* 597 S.W.2d 652 (Mo.App.1979). The judgment in favor of Jost on his counterclaim was not appealed, and this Court stated that judgment "remains a valid judgment." *Shurtz v. Jost, supra* at 656. The judgment in favor of Shurtz was reversed on grounds not relevant here.[3]

On retrial, the Beschs' claims for damages appear to be those alleged in the first trial. These claims were separated into three counts, all based upon Jost's alleged breach of the building contract. The Beschs alleged that Jost failed to complete the contract on time, which required the Beschs to pay additional finance charges on their construction loan. In Count II, the Beschs alleged Jost failed to complete certain items called for in the contract, and they prayed for damages in the amount of $1,150.00. In Count III, the Beschs alleged that certain items completed by Jost were not completed in a workmanlike manner, and they prayed for damages in the amount of $6,700.00. Also, on retrial, Shurtz's claims against Jost appear to be those alleged in the first trial. One count for a real estate commission and another count for reimbursement of a loan placement fee.

Jost moved to amend his answer to the Beschs' petition and assert the judgment he received on his counterclaim in the first trial as the affirmative defense of "res judicata." The trial judge denied the motion apparently on the grounds that it was not timely filed and on the trial judge's conclusion that this Court's remand precluded any amendment of the pleadings and, in particular, the filing of an affirmative defense.

The cause again proceeded to trial. A verdict was returned in favor of Shurtz and against Jost for Shurtz's real estate commission and verdicts were returned in favor of the Beschs on "Count I" and "Count II" of their claims against Jost.[4] In the record now before us, we find no indication that Count II of Shurtz's petition was dismissed or withdrawn, nor do we find that either Count II or Count III of the Beschs' peti-

---

1. On our own, we examined the transcript of the original trial and found the instructions reflect the Beschs' submission to the jury of only two counts of their petition, without explicit reference to which counts were being submitted. From the language of one verdict director, it appears that Count I was submitted but the language of the other verdict director does not show which of the other two counts was submitted.

2. Again from examining the transcript of the original file, we found the instructions reflect a submission of only Count I of Shurtz's petition.

3. The reader is referred to the opinion in *Shurtz v. Jost, supra,* for an expanded version of the facts.

4. The verdict on Count II assessed damages at $3,550, some $2,400 in excess of the $1,150 prayed for in Count II. The record does not show a request to amend the prayer in Count II to conform to the verdict nor does the record show a request to reduce the verdict to conform to the prayer. No attack, however, is made on this award.

tion was dismissed or withdrawn or that these counts were consolidated. This left undisposed issues in both the *Besch v. Jost* case and the *Shurtz v. Jost* case and precluded the judgments rendered in both cases from being final judgments. *E.g., Gould v. Starr,* 610 S.W.2d 93, 95 (Mo.App. 1980).

Reluctant to remand this case a second time, we, on our own, requested and then examined a certified copy of all the minutes or docket entries made below in the consolidated cause. We still found no explicit affirmative action disposing of the noted counts. We are well aware that submission of one of the grounds supporting a theory of liability abandons all other pleaded grounds supporting that theory. *E.g., Quinn v. St. Louis Public Service Co.,* 318 S.W.2d 316, 323 (Mo.1958); *Guthrie v. City of St. Charles,* 347 Mo. 1175, 152 S.W.2d 91, 95 (Mo.1941). Sensibly, the same rationale may apply to separate counts and the failure to submit a theory of liability embodied in one count may mean the abandonment of that count. *Cf. Time Plans Inc. v. Wornall Bank,* 419 S.W.2d 491, 494 (Mo.App.1967). Neither party, however, has raised or discussed this issue, and we are even more reluctant to conclude the abandonment of the noted counts on the record now before us.[5] We are thus met by the issue, not raised by either party, of the appealability of the present judgments. As this Court has consistently stated:

> "We must consider the appealability of the judgment, even though not raised by the parties. (Citations omitted).
>
> With certain exceptions, here not pertinent, appeals are authorized only from final judgments. [§ 512.020 RSMo 1978]. [A] final judgment must dispose of all

parties and issues in the case. It must dispose of all claims and counterclaims, except in certain special situations such as those enumerated in ... Rule 82.06 [now Rule 81.06], not applicable here." (Citations omitted). *L & L Leasing Co. v. Asher,* 440 S.W.2d 181, 182 (Mo.App. 1969).

On the record before us, Count II of Shurtz's petition and either Count II or Count III of the Beschs' petition has not been disposed of and the judgments in each of the consolidated causes are, therefore, not final. *E.g., Gould v. Starr, supra; L & L Leasing Co. v. Asher, supra.*

The appeals in each of the consolidated causes are dismissed as premature.[6]

SMITH, P.J., and PUDLOWSKI, J., concur.

---

**5.** The record does disclose a letter sent by appellant Jost's attorney to the court reporter in which he states:

> "As to the 'pleadings on which the case was tried' there are some abandoned or pleadings filed which were later followed by amended pleadings. We do not require any of these pleadings but only the pleadings the case was finally tried on. I will confer with [respondent's attorney] and I believe we can agree to stipulate on which pleadings are involved."

On appeal, the legal file shows 3 counts in the Beschs' petition and 2 counts in Shurtz's petition.

**6.** Should this case be perfected procedurally and again appealed, it is suggested that the parties brief and discuss the effect of *Rehm v. Fishman,* 395 S.W.2d 251, 255 (Mo.App.1965) on the "judgment" entered in favor of Jost on his counterclaim in the first trial of *Besch v. Jost.*