**GENERAL ACCIDENT FIRE AND ASSURANCE CORPORATION, LTD., n/k/a General Accident Insurance Company of America and Pennsylvania General Insurance Company, Appellants,**

v.

**James OWENS, d/b/a Owens and Associates Insurance Service, Respondent.**

No. 46864.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 24, 1984.

Hirsch & Rauscher, David J. Rauscher, Clayton, for appellants.

Lofftus, Dawdy, Robertson & Wunderlich, William M. Wunderlich, High Ridge, for respondent.

CRIST, Presiding Judge.

Plaintiffs filed a three count petition against defendant seeking replevin, an accounting, and an injunction. The action arose from a purported termination by plaintiffs of defendant's insurance agency and demand for premiums allegedly owed to plaintiffs.

Plaintiffs filed an affidavit pursuant to Rule 99.03 to obtain immediate possession

of all records, policies, expirations, and premiums in defendant's possession. Defendant elected to request a hearing on the issue of pre-judgment seizure in lieu of posting a redelivery bond. Rule 99.09. Following the hearing, the trial court ruled plaintiffs were not entitled to pre-judgment possession of the property they sought to replevy. Plaintiffs incorrectly construe that order as a dismissal of their replevin action and appeal. We dismiss.

 The actual order issued by the trial court went no further than denying plaintiffs' *pre-judgment* possession. Plaintiffs' difficulty in recognizing what constitutes a final judgment may have arisen from the following sentence in the trial court's order. "This ruling of the Court (denying plaintiffs' pre-judgment possession) in no way bars or prohibits Plaintiffs from instituting another action in Replevin ...."

 A hearing held pursuant to Rule 99.-09 does not, by the provisions contained in the Rule, lead to the ultimate disposition of a replevin action. The hearing is held only for the limited purpose of determining "plaintiff's right to possession of the property *pending trial on the merits*." In the present case the trial court's order did not purport to dispose of plaintiffs' ultimate right to possess the property following trial.

While the *ex gratia* statement of the trial court may have created initial ambiguity, the nature of the proceedings and the actual order entered should have resolved any question that the ruling extended only to pre-judgment possession. A clarification could have been requested of the trial court to remove any doubt plaintiffs may have had. Insofar as the order relating to pre-judgment possession does not finally dispose of the replevin action presented to the trial court, an appeal may not be taken from it.

Another reason plaintiffs may not maintain this appeal is that the order, not designated final and appealable, made no attempt to dispose of the two other counts pending before the trial court arising from the same underlying dispute. See *Shurtz v. Jost,* 647 S.W.2d 580, 582 (Mo.App.1983).

Appeal dismissed.

PUDLOWSKI and SIMON, JJ., concur.