SNYDER, Judge.
St. Paul Fire & Marine Insurance Company and St. Paul Mercury Insurance Company appeal from a judgment in favor of L.K.N. Corporation and against St. Paul in the amount of $125,000, the face value of an insurance policy covering a building owned by G.M. Battery & Boat Company, lessor, but naming L.K.N. Corporation, the lessee, as the insured. The appeal is dismissed as premature.
One of the terms of the lease between G.M. Battery and L.K.N. required L.K.N. *298 to maintain insurance on the premises in the amount of $75,000 payable to G.M. Battery. L.K.N., instead, purchased an insurance policy from St. Paul in which it named itself as the insured. G.M. Battery recovered $75,000 from its other insurance coverage for the damaged building and then sued L.K.N. on the lease agreement for the $75,000 for which L.K.N. had agreed to insure the property.
G.M. Battery in a five count petition sought recovery from L.K.N. and two individual defendants of the amount of $75,000 for breach of the lease agreement and for imposition of a constructive trust in the proceeds of the St. Paul policy. G.M. Battery also sought recovery from St. Paul of the amount of $75,000. L.K.N. cross-claimed against St. Paul for the amount of $125,000, the face value of the insurance policy naming L.K.N. as the insured.
The judgment of the trial court was in favor of G.M. Battery and against L.K.N. in the amount of $75,000, and in favor of G.M. Battery and against the individual defendants, also in the amount of $75,000. The trial court granted summary judgment in the amount of $125,000 in favor of L.K.N. on its cross-claim against St. Paul. The trial court did not rule on G.M. Battery’s counts IV and V requesting the constructive trust. St. Paul appealed.
After the trial court’s judgment on the other three counts and its disposition of the cross-claim, G.M. Battery filed a motion for judgment on the pleadings in favor of plaintiff on Counts IV and V. The trial court found that it had no jurisdiction to hear the motion because the case was on appeal to this court.
The finality of the judgment has not been raised as an issue by any of the parties. This court has a duty to determine, sua sponte, whether the judgment is final for appeal purposes. Dudeck v. Ellis, 376 S.W.2d 197, 204 (Mo.1964); Markham v. Medlin, 698 S.W.2d 54, 55 (Mo.App.1985).
The right to appeal is governed by statute, Sec. 512.020 RSMo.1978. This statute requires that an appeal may generally be made only from a final judgment. A final and appealable judgment is one that disposes of all parties and all issues in the case leaving nothing for future determination. Afshari Enterprises, Inc. v. Venz, 689 S.W.2d 846, 847 (Mo.App.1985).
In the case under review, two counts of the petition remain undecided. The judgment is not final for purposes of appeal and must therefore be dismissed. Byous v. Lawshee, 475 S.W.2d 47, 48 (Mo.1972); GAA v. Edwards, 626 S.W.2d 685 (Mo.App.1981).
The appeal is dismissed as premature.
CARL R. GAERTNER, P.J., and SMITH, J., concur.